PETTIJOHN, APPELLEE, *v.* CLARK, APPELLANT.

(No. 11438—Decided July 26, 1971.)

*Messrs. Cohen, Todd, Kite & Spiegel,* for appellee.
*Messrs. Boelter, Fisher & Sullivan,* for appellant.

HESS, P. J. This is an appeal from a judgment in favor of the plaintiff, appellee herein, entered after a jury verdict in the sum of $4,500 against the defendant, appellant herein, in the Court of Common Pleas of Hamilton County.

The pertinent facts are that plaintiff, who will hereinafter be referred to as appellee, had been operating a motor vehicle in the city of Cincinnati. The vehicle became stalled on Gholson street and while so parked was struck from the rear by a motor vehicle being operated by defendant, who will hereinafter be referred to as the appellant.

The appellee maintained that he was in the vehicle when it was struck by the appellant's vehicle and that he sustained certain injuries as a result of the collision. The appellant testified that appellee was not in the vehicle when it was struck and that he sustained no injuries in said collision.

The trial court instructed the jury that appellant was negligent in the operation of her vehicle and submitted the issues of proximate cause and damage to the jury, which returned a general verdict and an award of $4,500.

The jury, by "special findings," found that the appellee was in the car when it was struck, that the "fair and reasonable value of his medical expenses, incurred as a direct and proximate cause of the accident * * *" was $499, and that his pain and suffering was valued at $2,560.

Appellant urges nine assignments of error. The first is that appellee failed to prove ownership of the vehicle in the manner required by R. C. 4505.04, viz: "(a) certificate of title, or manufacturer's or importer's certificate issued in accordance with Section 4505.01 to Section 4505.-19; (b) by admissions in the pleadings or stipulation of the parties."

The only testimony in the record relating to ownership was the response of the appellee to his counsel's question; "Did you own the car at that time?", his reply being: "Yes, I owned the automobile. It was financed through Central Trust." The court finds that the foregoing testimony does not satisfy the requirements of R. C. 4505.-04 as to proof of ownership.

The second assignment of error is that appellee failed to prove the reasonable value of the vehicle before and after the accident. The record indicates that appellee testified over the objection of counsel for appellant that "the value at the time of the accident would be roughly around eleven or twelve hundred dollars," and "the automobile after the accident was evaluated a total loss." These statements were properly admitted into evidence; however the court in the charge to the jury said in part: "If the property is destroyed, the measure of damage is the reasonable value to the owner."

The correct rule in Ohio is set out in the syllabus of *Falter* v. *Toledo,* 169 Ohio St. 238, which provides that the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision, or he may prove and recover the reasonable cost of repairs provided such recovery for repairs does not exceed the difference in market value immediately before and immediately after the collision.

314

The third, fourth and fifth assignments of error relate to the medical testimony and the charge of the court relating to such testimony. A review of the medical testimony indicates that there was no substantial error prejudicial to the appellant in the submission of such evidence; however, the trial court included in the instructions to the jury some reference to permanent injury and to lost wages. The evidence adduced in the trial of this case did not warrant the court to instruct on either of these points.

The sixth assignment of error is that the verdict was against the manifest weight of the evidence.

The seventh assignment of error is that the trial court refused to submit a special verdict request to the jury as originally presented.

The eighth assignment of error is that the trial court overemphasized negligence in the general charge after directing a verdict for the appellee, and the ninth assignment of error is that there were errors of law occurring at the time of trial.

This court finds the first, second, fifth, sixth and ninth assignments of error well taken, and that the third, fourth, seventh and eighth assignments of error are not well taken.

The judgment of the Court of Common Pleas for Hamilton County will be reversed and this cause remanded for further proceedings according to law and consistent with this decision.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.