TURNER, A MINOR, SANFORD, NEXT FRIEND, APPELLEE, *v.*
BARRETT, APPELLANT.

(No. 79AP-895—Decided March 27, 1980.)

*Mr. S. Myron Gurevitz,* for appellee.
*Mr. Lenworth Smith, Jr.,* for appellant.

MOYER, J.  This matter is before us on the appeal of defendant-appellant, Homer Barrett, from a judgment of the Franklin County Municipal Court awarding plaintiff-appellee (this action was brought in the name of Charles Nathaniel Turner, a minor, by Elnora E. Sanford, his foster mother and next friend; hereinafter, plaintiff refers to Charles Nathaniel Turner) money damages arising out of injuries he received when defendant's minor son attacked plaintiff, and upon plaintiff's motion to dismiss this appeal pursuant to App. R. 23.

The parties stipulated that defendant's minor son, Gary Barrett, struck plaintiff's hand and left hip with a baseball bat that had 10 or 11 nails protruding from it. The incident occurred in school on February 1, 1979. The parties stipulated that plaintiff incurred medical and related expenses of $65 and suffered damage to his clothing and personal effects of $64.32 as a result of the attack. The parties also stipulated that an expert medical witness might be called on behalf of plaintiff to substantiate the extent of plaintiff's pain and suffering caused by his injuries.

At the trial, which was held on October 16, 1979, plaintiff testified that the nails in the baseball bat penetrated his hip and hand, that he could not walk for awhile after the injury

and that he had trouble with his hip for about a week after the incident. He further testified that, at the time of the trial, he still had a sharp pain in his hand when he made a fist. No medical testimony was offered.

Although defendant has not stated an assignment of error as required by App. R. 16(A), he has argued that the judgment of the trial court is against the manifest weight of the evidence and not in accordance with law. We will consider that as an assignment of error for purposes of disposing of this appeal. The motion to dismiss the appeal will be considered first.

In support of his motion to dismiss the appeal as being frivolous, plaintiff argues that there is no legal or factual issue presented by the appeal because defendant stipulated liability and because plaintiff testified regarding his injuries and his pain and suffering. The motion to dismiss is overruled because the appeal raises a justiciable issue in the question of whether plaintiff's evidence, regarding the extent and duration of his pain, is sufficient to support the judgment of the trial court.

Plaintiff testified that his injured hand produced pain for at least eight months following Gary Barrett's attack on him. Plaintiff also testified that he had trouble walking, because of the pain in his hip, for about a week or so. Expert medical testimony is not required in every case to determine the extent of a person's injuries and pain and suffering. In the case of *Bentley* v. *Click* (Franklin Co. Ct. of Appeals No. 78AP-29, August 15, 1978), unreported, we held that it was contrary and against the manifest weight of the evidence for a jury not to award some damages for pain and suffering where plaintiff, alone, testified regarding her pain and suffering and defendant offered no evidence on the question. While the damages in that case were substantially more than the damages in this case, clearly a layman may testify regarding his pain and suffering where the damages are not so great as to require expert testimony.

It is for the trier of fact to determine the amount of damages to be awarded for pain and suffering. Plaintiff's testimony in this case, that he continued to have pain in his hand eight months following the injury and that he had been partially disabled for a week or more following the injury, supports the judgment of the trial court. The trial court's judg-

ment is in accordance with law and not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P. J., and WHITESIDE, J., concur.

WHITESIDE, J., concurring. Medical testimony is unnecessary because the parties have stipulated "that an expert medical witness which might be called on behalf of plaintiff would testify to substantiate the allegation of paragraph 4 and with medical certainty to the allegation of paragraph 5 of the Complaint."

Since the parties stipulated as to what the testimony of the expert medical witness would be, plaintiff was not required to call that witness to testify in order to have the benefit of medical testimony.

Thus, it is unnecessary to predicate the judgment solely upon the testimony of plaintiff. Whether expert medical testimony is required is not an issue properly before us since the content of such medical testimony was stipulated.

Accordingly, I concur in the judgment.