KLESCH, Appellee,

v.

REID et al., Appellants.

[Cite as *Klesch v. Reid* (1994), 95 Ohio App.3d 664.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66132.

Decided Aug. 25, 1994.

666

*John W. Hickey, Kasdan & Baxter Co., L.P.A.,* and *Howard H. Baxter,* for appellee.

*Kuepper, Walker, Hawkins & Chulik* and *Judson J. Hawkins,* for appellants.

---

HARPER, Judge.

Appellants, David N. Reid and Ozanne Construction Company ("Ozanne"), appeal from the judgment of the trial court which granted appellee Mable Bims' motion for summary judgment in her third-party claim against appellants. For the reasons that follow, we affirm.

Since this case has come before this court for the third time on the same facts, we shall adopt the facts as stated in *Klesch v. Bims v. Reid et al.* (Mar. 4, 1993), Cuyahoga App. Nos. 64049 and 64437, unreported, 1993 WL 58559 (*"Klesch II"*):

"On April 2, 1987, appellee Bims was involved in a motor vehicle accident with appellant Reid. At the time of the accident, Reid, an employee of appellant Ozanne Construction Company, was driving a truck leased by Ozanne Construction and owned by appellant Dominic Ozanne. The impact of the accident caused appellee to lose control of the car she was driving and to collide with a parked car.

"On May 15, 1987, the owner of the parked car, Kenneth Klesch, filed a complaint for money damages against appellee Bims in the Cleveland Municipal Court. Klesch alleged in his complaint that appellee's negligence on April 2, 1987 caused property damage to his car.

"On June 25, 1987, appellee answered Klesch's complaint. Appellee admitted she collided with Klesch's parked car but denied Klesch's allegations of negligence. In the same document, appellee also filed a third-party complaint against

appellants Reid and Ozanne. Appellee alleged therein that Reid had operated the vehicle he was driving 'in a negligent fashion' and that Ozanne had 'negligently entrusted' the vehicle to Reid. Appellee alleged that she suffered injury as a 'proximate result' of the negligence of these appellants and demanded judgment against them in the total amount of $15,000.

"Appellants Reid and Ozanne responded with a motion to dismiss the third-party complaint.

"On September 30, 1987, appellee filed an amended third-party complaint joining appellant Ozanne Construction Company as another defendant in the action. Appellants were served with the amended complaint on October 14, 1987. The trial court thereafter denied appellants' motion to dismiss appellee's third-party complaint.

"On October 26, 1987, appellee filed a motion for default judgment against appellants for appellants' failure to answer the original third-party complaint. On November 17, 1987, appellants filed a motion for leave to file an answer 'instanter' although no answer was attached to the motion. The trial court thereafter denied appellee's motion for default judgment and granted appellants' motion for leave to file an answer.

"On January 5, 1988, appellants filed an answer and counterclaim against appellee. Appellants denied the allegations of negligence in appellee's third-party complaint. In their counterclaim, appellants alleged that on April 2, 1987, the date of the accident, appellee was negligent in the operation of her vehicle and that as a 'proximate result' of her negligence appellants' truck was 'demolished.' Appellants therefore prayed for $5,000 in damages. Attached to appellants' answer and counterclaim as an exhibit was a purported copy of the police report concerning the April 2, 1987 accident.

"On May 5, 1988, appellee filed an answer to the counterclaim and denied appellants' allegations of negligence.[1] Shortly thereafter, on June 2, 1988, appellee also filed a motion for summary judgment on her third-party complaint against appellants pursuant to Civ.R. 56 and 36(A). Appellee argued that since appellants had not responded to her requests for admissions, appellants had admitted their negligence and, therefore, there were no genuine issues of material fact in the case *sub judice.*

"The record reflects appellants did not respond to appellee's motion for summary judgment until February 23, 1989. On that date, appellants filed two briefs in opposition to the motion. In their supplemental brief appellants stated

---

1. "By affidavit of counsel, appellee explained the later filing of her answer to the counterclaim was due to the fact that, contrary to the statement made by appellants in their certificate of service, she had not been served with the pleading."

they were not aware that in December, 1988, a hearing before a referee had been held on appellee's motion [2] and also stated that during 1988 they had retained new counsel.

"Appellee responded with a motion to strike appellants' briefs. Appellants filed both a response to the motion to strike and a pleading entitled 'Objection to Referee's Report.' [3] Thereafter, appellants also filed a motion to 'amend or withdraw its admissions.'

"On May 23, 1989, appellants also filed a motion for default judgment against appellee on their counterclaim alleging appellee had 'failed to respond.' A review of the record clearly establishes appellants were in error since appellee's answer to the counterclaim had been filed approximately a year previously.

"On May 30, 1989, the clerk received for filing the trial court's journal entry of May 26, 1989 which follows:

" 'This matter was referred to Referee Kenneth McLaughlin for hearing of Defendant, Mable Bims' Motion For Summary Judgment as to 3rd Party Defendants David N. Reid, Dominic L. Ozanne and Ozanne Construction Company, Inc. *The Referee's Report is hereby approved and confirmed, and the Motion For Summary Judgment is granted as to said 3rd Party Defendants. Further, oral hearing having been held on said Motion For Summary Judgment of Bims, 3rd Party Defendants' brief and supplemental brief in opposition filed herein is striken as untimely,* and further the 3rd Party Defendants' Motion For Default Judgment is held to be untimely filed and dismissed. The objections of 3rd Party Defendants are also hereby overruled. *This matter to be set before Referee Kenneth C. McLaughlin for the taking of evidence of damages on 5–31–89 at 10:30 a.m.* The Motion for Summary Judgment of Defendant Bims, it is deposition of 3rd Party [*sic* ]. Defendants [*sic* ] and counterclaim and *judgment is rendered for Defendant Bims on said counterclaim of 3rd Party Defendants.'* (*Emphasis added.*)

"Pursuant to the above order, a hearing on damages was held before a referee on May 31, 1989. The referee's second report is contained in the record on appeal. However, following this hearing, the referee's report was not filed in the case ·*sub judice* until April 26, 1990.

---

**2.** "A review of the record fails to demonstrate either that a hearing was held in December, 1988, that the parties were given notice of this 'hearing' or that the referee filed a written report following the December, 1988 'hearing'."

**3.** "No referee's report from this time period is contained in the record on appeal, nor does the docket reflect such a hearing or report by the referee."

"In the second report the referee recommended Klesch's claim be dismissed since Klesch's attorney had previously filed a notice of Klesch's death. The referee further recommended judgment for appellee on her third-party complaint against 'Reid and Ozanne Construction Company' in the amount of $6,000. The referee therefore issued the following 'findings':

" 'Referee further finds that Third-party defendant Reid was within the scope of his employment and therefore Referee finds as follows: The action of Plaintiff Klesch is dismissed without prejudice for failure to substitute Plaintiff as Plaintiff Klesch being deceased for 90 days by virtue of suggestion of Death filed in this matter. Further, Referee finds for Third-party Plaintiff Bims in the sum of $6,000.00 and costs against Defendants Reid and Ozanne Construction Company, Inc. and further finds for Third-party Plaintiff Bims on the cross complaint [sic] of Reed [sic] and Ozanne Construction Company and for costs.'

"Thereafter, in a journal entry dated May 31, 1990 and filed June 1, 1990, the trial court stated as follows:

" 'The Referee's Report in this matter is hereby approved an [sic] confirmed. The Complaint of Plaintiff herein, a suggestion of death have [sic] been filed and no substitution having been made as to party Plaintiff in over 90 days from the date of such *complaint is dismissed without prejudice* at Plaintiff's costs. Further, the Court finds for 3rd party Plaintiff Bims against Defendants David Reid and Ozanne Construction Co. in the sum of $6,000.00 and costs.'

"A review of the foregoing journal entry reveals the trial court still retained jurisdiction over the case *sub judice* since two claims were not fully adjudicated, *viz.*, (1) Klesch's original complaint which was dismissed *without* prejudice, and (2) the damage claim of appellee Bims against appellant Dominic Ozanne.

"Following the trial court's subsequent overruling of their objections to the report of the referee, appellants filed a notice of appeal to this court, designated Cuyahoga App. No. 60357. In an entry dated April 2, 1992, however, Cuyahoga App. No. 60357 was dismissed pursuant to Civ.R. 54(B). In its journal entry of dismissal, this court stated the trial court's entry of June 1, 1990 did not dispose of appellee's damage claim against appellant Dominic Ozanne.

"On April 10, 1992, appellee filed a notice of dismissal 'without prejudice' of her claims against Dominic Ozanne. On June 23, 1992, the trial court issued the following judgment entry in the case *sub judice:*

" 'The judgment entry of May 31, 1990 is further shown to be a judgment in the sum of $6,000.00 and costs as to Dominik [sic] Ozanne also, nunc pro tunc.'

"A review of the trial court's judgment entry dated June 23, 1992 reveals the trial court did not thereby issue a final appealable order in the case sub judice

since plaintiff Klesch's claim, having been previously dismissed without prejudice, still remained. Civ.R. 41(A)(2).

"On July 16, 1992, however, appellants filed a notice of appeal from the foregoing judgment entry in this court, designated Cuyahoga App. No. 64049.

"Thereafter, on August 3, 1992, the trial court issued another judgment entry in the case *sub judice* as follows:

" 'The third party claimant having filed a dismissal of Dominick [*sic* ] Ozanne as an individual on April 10, 1992 in this matter, this Court finds such dismissal proper, and therefore vacates the entry of 6/23/92, granting judgment against Dominick [*sic* ] Ozanne individually, and dismisses this action against Dominick [*sic* ] Ozanne, *without prejudice,* nunc pro tunc, as of 6/23/92.' (Emphasis added.)

"Appellants filed another notice of appeal from that order in this court, designated Cuyahoga App. No. 64437. This court subsequently consolidated appellants' two cases, *viz.,* App. Nos. 64049 and 64437, for record, briefing, hearing and disposition." (Footnotes *sic.*)

This court in dismissing *Klesch II* held as it did in *Klesch v. Bims v. Reid et al.* (Apr. 2, 1992), Cuyahoga App. No. 60357, unreported, 1992 WL 67112 ("*Klesch I* ") that the case lacked a final appealable order. It reasoned that since plaintiff Klesch's claim against Bims and Bims' third-party claim against Dominic Ozanne were dismissed without prejudice, they were still pending pursuant to Civ.R. 54(B).

We note that this court has adopted new guidelines concerning the application of Civ.R. 54(B) in determining final appealable orders since the two decisions in *Klesch I* and *II.* Thus, if claims or actions against former parties were dismissed without prejudice at any time during the proceedings below, they will be treated "as if no action had been brought at all" as to those parties. *Deville Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 284, 159 N.E.2d 443, 446. Therefore, pursuant to this court's present guidelines, appellant's appeal will be reviewed on its merits notwithstanding the dismissals of Klesch's claim against Bims and Bims' claim against Dominic Ozanne without prejudice.

## I

Appellants file the following errors for our review:

"First Proposition of Law

"The trial court errors [*sic* ] when it grants a motion for summary judgment after failing to notify the injured party of the hearing on the motion and, thus, deprives him of an opportunity to present evidence.

"Second Proposition of Law

"A party's request for opposing party to admit or deny the truthfulness of the moving party's allegations in her complaint is insufficient to form the basis for a motion for summary judgment where the third-party defendant has already denied those allegations by way of answer.

"Third Proposition of Law

"The court erred in permitting third-party plaintiff to present the report of her treating doctor and in permitting her to testify that her symptoms and the accident are causally related.

"Fourth Proposition of Law

"The court erred when it permitted third-party plaintiff to introduce a photocopy of the alleged repairs to her motor vehicle and to testify about these repairs.

"Fifth Proposition of Law

"After a notice of appeal has been filed, a trial court cannot jeopardize an appellant's right to appeal vacating the appealed from journal entry nunc pro tunc.

"Sixth Proposition of Law

"The trial court's order of August 3, 1992 has no affect on the appellant's right to appeal since rule 41 precludes a party from voluntarily dismissing an action once a trial has been had. A trial on damages which follows a motion for summary judgment is a trial within the provisions of Rule 41."

 Appellants in their first assignment of error argue that the trial court erred by not informing them of the scheduled date of hearing on appellee's motion for summary judgment. They further argue that this failure deprived them of their right to present contradictory evidence to that presented by appellee. Appellants' argument has no merit. There is no requirement in Civ.R. 56 that the trial court schedule an oral hearing in every motion for summary judgment.

 Civ.R. 56 stipulates what a party seeking a summary judgment should provide. Once the required record for summary judgment is provided, the trial court is free to rule on the motion for summary judgment without a necessity for an oral hearing. Where either party to an action requests an oral hearing, on a pending motion for summary judgment, it is within the discretion of the court whether to grant or deny such request. *Gates Mills Invest. Co. v. Pepper Pike* (1979), 59 Ohio App.2d 155, 13 O.O.3d 191, 392 N.E.2d 1316. It is only after a request for hearing is granted that the parties are entitled to be notified of the hearing date. The hearing shall not be heard until the opposing party has been served with the motion at least fourteen days before the scheduled hearing date. Since summary judgment is not intended to resolve credibility issues or for the

observation of the demeanor of witnesses, hearing on the issue is not so critical. See *Duke v. Sanymetal Products Co. Inc.* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324; see, also, *Siegler v. Batdorff* (1979), 63 Ohio App.2d 76, 17 O.O.3d 260, 408 N.E.2d 1383.

In the instant case, the record shows that appellants were served with appellee's motion for summary judgment approximately five months before the court's decision, and they failed to respond to it. They cannot now use the trial court's decision not to notify them of a hearing that never was [4] as an excuse for not responding to the motion.

Since appellants failed in their duty to provide this court with the transcript or evidence of the hearing they now challenge, we presume that the trial court followed the regular course of proceedings in rendering its judgment on the cause. *Knapp v. Edward Laboratories* (1980), 61 Ohio St.2d 197, 15 O.O.3d 218, 400 N.E.2d 384.

Appellants' first assignment of error is overruled.

## II

Appellants in their second assignment of error argue that it is error for the trial court to base its decision to grant appellee's motion for summary judgment on appellants' failure to respond to a request for admission. Appellee made certain requests for admission that were unanswered. Appellants argue that their failure to answer should not be a reason to grant summary judgment because some of the issues requested were already denied in their answer to appellee's amended complaint.

Civ.R. 56(C) provides in pertinent part as follows:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The law of summary judgment is settled in Ohio. A court cannot grant summary judgment unless it determines that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds

---

**4.** The record does not indicate that a hearing was ever held. Even the referee's report does not indicate that a hearing was had, only that "judgment has been rendered on a prior time, specifically on May 26, 1989, in this matter based on the granting of a Motion for Summary Judgment for Defendant Bims on her counterclaim."

can come to only one conclusion when such evidence is viewed most strongly in favor of the nonmovant and the conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825. The possibility of granting the motion for summary judgment forces the nonmoving party to produce sufficient evidence on any issue for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. See, also, *Leibreich v. A.J. Refrigerator, Inc.* (1993), 67 Ohio St.3d 266, 617 N.E.2d 1068. Thus, to overcome a motion for summary judgment, the nonmoving party must present specific facts and not unsupported allegations or blind reliance upon the pleadings, unless the pleadings are such that no further evidence is necessary to warrant a denial of the motion. See *Shaw v. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. See, also, *Siegler v. Batdorff* (1979), 63 Ohio App.2d 76, 17 O.O.3d 260, 408 N.E.2d 1383. Civ.R. 56(C) authorizes a trial court to consider among other things written admissions if applicable when granting or denying a motion for summary judgment.

■ Civ.R. 36 provides in pertinent part as follows:

"Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his answer, or deny only a part of the matter of which an admission is requested, he shall specify so much of it as is true and qualify or deny the remainder."

It is also settled law in Ohio that unanswered requests for admission render the matter requested conclusively established for the purpose of the suit, *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 20 OBR 364, 485 N.E.2d 1052, and a motion for summary judgment may be based on such admitted matter. *Weva Oil Corp. v. Belco Petroleum Corp.* (1975), 68 F.R.D. 663; *Luick v. Graybar Elec. Co.* (1973), 473 F.2d 1360; *First Natl. Bank Co. v. Ins. Co.* (1979), 606 F.2d 760; *St. Paul Fire & Marine Ins. Co. v. Battle* (1975), 44 Ohio App.2d 261, 73 O.O.2d 291, 337 N.E.2d 806. Failure to answer is not excused because the matters requested to be admitted are central or noncentral to the case or must be proven by requesting party at trial. See *Youssef v. Jones* (1991), 77 Ohio App.3d 500, 602 N.E.2d 1176.

Each rule is intended to serve a particular purpose and a party who makes a conscious effort to ignore the rules does so at his own peril.

In the instant case, it is necessary that we touch on the relationship between Civ.R. 36, failure to answer a request for admission, and Civ.R. 56(C), elements necessary before a court considers a motion for summary judgment. Civ.R. 56(C) provides that a *written admission* is sufficient to grant a motion for summary judgment, among other things. The question then becomes whether a failure to answer to a written request for admission is sufficient to satisfy the requirements of Civ.R. 56 that an admission be made in writing. We answer that question in the affirmative, and thus hold that where a party files a written request for admission a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36 and also satisfies the written answer requirement of Civ.R. 56(C) in case of a summary judgment. See *T & S Lumber Co. v. Alta Constr. Co.* (1984), 19 Ohio App.3d 241, 19 OBR 393, 483 N.E.2d 1216. The record shows that even after the motion for summary judgment was filed, based on appellants' failure to respond to the request, appellants still ignored appellee's request for admission. See *Sandler v. Gossick* (1993), 87 Ohio App.3d 372, 622 N.E.2d 389.

While appellants arguably could have had a legitimate reason to object to some portion of appellee's request for admissions as being too broad and unspecific, their conscious effort to ignore the request as they did in many of the processes in the court below is intolerable.[5]

Appellants' second assignment of error is overruled.

### III

Appellants argue in their third assignment of error that the trial court erred in allowing a doctor's report to be admitted into evidence and also in allowing the injured plaintiff to testify about the relationship of her injury to the accident. This argument has no merit. The issue of admission or denial of evidence is within the discretion of the trial court and an appellate court will not reverse the trial court's decision unless there is an abuse of discretion which results in prejudice to the party's case. *Columbus v. Taylor* (1988), 39 Ohio St.3d 162, 164, 529 N.E.2d 1382; *Williams v. Williams* (July 1, 1993), Cuyahoga App. No. 62267, unreported, 1993 WL 243058; *Smith v. Michelin Tire Corp.* (Mar. 18, 1993), Cuyahoga App. No. 61952, unreported, 1993 WL 76882.

---

5. The record shows that appellants' answer to the complaint was untimely, and their opposition to appellee's motion for summary judgment was also untimely.

■ Evid.R. 702 provides that expert opinion is necessary to aid the court or the jury in determining issues not within the common knowledge of laypersons. See *McKay Machine Co. v. Rodman* (1967), 11 Ohio St.2d 77, 40 O.O.2d 87, 228 N.E.2d 304, paragraph one of the syllabus. But is has long been recognized in Ohio that in matters more within the common observation and experience of persons, nonexperts may, in cases where it is not practicable to place before the trier of facts all of the primary facts upon which they are founded, state their opinions from such facts. *RR. Co. v. Schultz* (1885), 43 Ohio St. 270, 1 N.E. 324. Thus, when a layperson's opinion is the only efficient proof of the fact, such testimony is admissible. *Shelby v. Clagett* (1889), 46 Ohio St. 549, 22 N.E. 407.

■ Appellants argue that Ohio law forbids a law witness like appellee from testifying about the pain she had suffered for a period of two years because such testimony is reserved for expert medical opinion. We disagree. A layperson may testify regarding her pain and suffering from physical injuries where the damages are not so great as to require expert testimony. *Watson v. Norfolk & W. Ry. Co.* (1987), 30 Ohio App.3d 201, 30 OBR 344, 507 N.E.2d 468; see, also, *Turner v. Barrett* (1980), 68 Ohio App.2d 80, 22 O.O.3d 74, 426 N.E.2d 1193. It must be noted that lack of expert medical testimony as to a party's suffering goes to the weight the trier of fact should give the lay witness's testimony concerning her fear. It does not affect the truth or lack thereof as to whether the witness actually has pain. The trial court must be aware that no damages can be awarded unless the party presents evidence that there was reasonable basis for her pain.

The Ohio Supreme Court held in *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759, that lay witnesses who were acquainted with the plaintiff may testify as to any marked changes that they discern in the plaintiff after the accident has occurred. If lay witness observers can testify about changes they observe, we see no reason why the plaintiff herself cannot testify as to the changes that had occurred in her after the accident.

In the instant case, appellee testified to her pain and suffering and also to the changes that had occurred in her activities after the accident. The admission of the doctor's bill to support her testimony that she visited a doctor is not in error, as the appellants failed to challenge the authenticity of the report. A verdict of the trial court will not be disturbed unless a party shows that the trial court's admission of a lay witness's testimony is an abuse of discretion. *State v. Auerbach* (1923), 108 Ohio St. 96, 140 N.E. 507.

Appellants' third assignment of error is overruled.

## IV

Appellants in their fourth assignment of error argue that the trial court erred by permitting appellee to introduce a copy of the receipt showing repairs made to her vehicle and to testify about such repairs. Appellants further argue that the award of $3,000 as property damages was in error and prejudicial because appellee was not an expert and could not legally testify to the value of her property. We disagree.

A layperson can give an opinion as to the value of her personal property as a result of her ownership of such property. It is the owner who knows the initial purchase price and any subsequent improvement to the property capable of increasing the original value. While the owner's testimony may not be conclusive of the actual value of the property in question, *Kohnle v. Carey* (1946), 80 Ohio App. 23, 35 O.O. 413, 67 N.E.2d 98, it is admissible evidence that the trier of fact can consider in determining damages and could be conclusive evidence unless there is evidence to the contrary. Cost estimates also may be used to show extent of damages to a property, but actual costs of repair to the property are conclusive evidence of damages unless shown to be unreasonable.[6] See *Falter v. Toledo* (1959), 169 Ohio St. 238, 158 N.E.2d 893. See, also, *Pettijohn v. Clark* (1971), 28 Ohio App.2d 312, 57 O.O.2d 479, 277 N.E.2d 455.

While parties are free to engage expert witnesses in litigation, we hold that a trial court is not in error in not requiring the testimony of an expert witness where the expert witness's testimony would not significantly aid the trier of fact in arriving at a decision. In the instant case, the actual award of $3,000 in the face of a record showing a repair cost of $3,397.66 is not so significant that appellee should be required to hire an expert in order to prove her damages.

Appellants' fourth assignment of error is overruled.

## V

Appellants argue in their fifth assignment of error that the trial court's *nunc pro tunc* journal entry of August 3, 1992 was a denial of due process because that court did not have jurisdiction after their notice of appeal was filed on June 23, 1992. Appellants' argument is moot. This court in *Klesch II* dismissed appellants' appeal and sent the cause back to the trial court for further proceedings. The notice of appeal in the instant case was filed on September 3, 1993, and at

---

6. If the cost of repair is greater than the value of the vehicle immediately before and immediately after the incident, it is *per se* unreasonable.

the time of filing there was no pending action in this court involving the parties in this action.

Appellants' fifth assignment of error is overruled.

## VI

Appellants in their sixth assignment of error argue that the trial court erred by granting a dismissal of Dominic Ozanne pursuant to Civ.R. 41 after a trial was completed in the action. Contrary to appellants' contention, Civ.R. 41 does not forbid a dismissal of an action by a plaintiff after the commencement of trial. It allows such dismissal not at the instance of the plaintiff but only on the order of the court. Civ.R. 41(A)(1) limits the plaintiff's authority to dismiss an action against any party without order of court before trial has commenced. Once trial has commenced, actions can be dismissed even if initiated by the plaintiff but only upon the order of the court and "upon such terms and conditions as the court deems proper." Civ.R. 41(A)(2).

In the instant case, the record shows that at the original disposition of the case, the trial court did not render judgment as to Dominic Ozanne. This court dismissed the action, holding that the matter was still pending as to Dominic Ozanne. When the cause went back to the trial court for further proceedings, appellee filed a motion to dismiss Dominic Ozanne. While the cause was pending before the trial court, that court has discretion pursuant to Civ.R. 41(A)(2) to grant a motion to dismiss unless such dismissal causes prejudice to the nonmoving party. See *Abrams v. Elsoffer* (1989), 46 Ohio App.3d 11, 545 N.E.2d 100. As the court held in *Std. Oil Co. v. Grice* (1975), 46 Ohio App.2d 97, 75 O.O.2d 81, 345 N.E.2d 458, under Civ.R. 41, a voluntary dismissal before the commencement of trial is timely if it is filed after an adverse decision on the merits but before such decision is journalized.

In the instant case, appellee's motion to dismiss Dominic Ozanne was filed on April 10, 1992. The trial court rendered an adverse decision against Dominic Ozanne on June 23, 1992. Thus, as a matter of law at the time appellee filed her motion to dismiss there was neither an adverse decision against Dominic Ozanne nor a journalized entry to that effect. The trial court's *nunc pro tunc* entry rendering an adverse judgment against Dominic Ozanne after a timely motion to dismiss was filed was in error, and that court can correct such error in judgment pursuant to Civ.R. 60(A). See *State ex rel. Henry v. Britt* (1981), 67 Ohio St.2d 71, 21 O.O.3d 45, 424 N.E.2d 297. Appellants have also failed to show how the dismissal of Dominic Ozanne prejudiced their case.

Since the Ohio Supreme Court decision in *Refreshment Serv. Co. v. Cleveland* (1980), 63 Ohio St.2d 89, 17 O.O.3d 54, 406 N.E.2d 1115, as cited by appellants is

not applicable to the present case, we overrule appellants' sixth assignment of error.

We find no error in the record, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACKMON, P.J., and NUGENT, J., concur.