Pro se plaintiff-appellant, Rusty E. Mootispaw, appeals an order of the Fayette County Court of Common Pleas granting summary judgment in favor of defendant-appellee, David V. Kiger.
The undisputed facts of this case, garnered primarily from appellee's pleadings, are as follows: In 1983, appellant pled guilty to the charge of murder. He is currently serving a sentence of fifteen years to life at the Lebanon Correctional Institution in Lebanon, Ohio. Appellee is an attorney and the son of James A. Kiger ("Kiger, Sr."). Kiger, Sr. was the assistant prosecuting attorney of Fayette County in 1983 when appellant was convicted. In 1995, appellant filed a complaint alleging that Kiger, Sr., in his capacity as assistant prosecuting attorney, and appellant's defense counsel had acted in concert to send appellant to prison. The basis for appellant's claim was a letter, allegedly written by appellant's defense attorney to Kiger, Sr., stating that Kiger, Sr. knew appellant was innocent. Appellee, serving as his father's attorney, answered appellant's complaint, asserting, in part, that the letter was a forgery.
In January 1996, appellant sued appellee for defamation, alleging that appellee had "maliciously made false statements against" appellant "by telling the prosecuting attorney for Fayette County, Ohio, that the plaintiff had forged and/or altered a document dated August 9, 1986, from Washington Court House, Ohio attorney John C. Bryan to the then Assistant Prosecuting attorney, James A. Kiger, of Fayette County, Ohio." Appellee moved for and was granted summary judgment. This appeal followed.
Appellant presents the following four assignments of error for review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON APPELLANT'S MOTION FOR EVIDENTIARY HEARING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO BE PROTECTED BY IMMUNITY.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN ALLOWING THE DEFENDANT TO CLAIM RES JUDICATA AS A DEFENSE.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
We address appellant's fourth and second assignments of error together. In his fourth assignment of error, appellant argues that the trial court erred in granting appellee's motion for summary judgment. In his second assignment of error, appellant appears to claim that the trial court's decision granting summary judgment was based, improperly, on a theory of judicial immunity. We note, first, that the trial court's order does not provide a rationale for its decision to grant summary judgment. However, to the extent the trial court relied on a theory of judicial immunity in reaching its conclusion, we can only agree with that rationale.
There is an absolute privilege or immunity for statements made in a judicial proceeding that extends to "every step in the proceeding, from beginning to end." M.J. DiCorpo, Inc. v. Sweeney (1994), 69 Ohio St.3d 497, 506; Surace v. Wuliger (1986),25 Ohio St.3d 229, 233. Specifically, in Surace, the Supreme Court of Ohio held as follows:
 As a matter of public policy, under the doctrine of absolute privilege in a judicial proceeding, a claim alleging that a defamatory statement was made in a written pleading does not state a cause of action where the allegedly defamatory statement bears some reasonable relation to the judicial proceeding in which it appears.
Surace, syllabus. Whether the privilege applies is a question of law for the trial court to determine. Id. at 234. The truth of the alleged defamatory pleading is not relevant to the determination of whether the doctrine of absolute immunity applies. Id. at 235, n. 2, citing Erie County Farmers' Ins. Co. v. Crecelius (1930), 122 Ohio St. 210, 213-214.
After reviewing the record, we conclude that appellee's assertion that the letter was a "forgery" bears a reasonable relation to the proceedings. Indeed, it was part of appellee's initial responsive pleading: Appellee made the statement in his filed answer to appellant's complaint. Accordingly, we find that appellee's statement is absolutely privileged as a matter of law.
Civ.R. 56 provides that summary judgment is appropriate where: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds construing the evidence in the light most favorable to the nonmoving party could reach but one conclusion which is adverse to the nonmoving party. Bostic v. Connor (1988),37 Ohio St.3d 144, 146. Based on the foregoing, we find that the trial court did not err when it granted summary judgment to appellee. Appellant's fourth and second assignments of error are overruled.
This determination is not affected by the issue raised in appellant's first assignment of error, that is, that the trial court erred when it denied appellant a hearing on his motion for summary judgment. The decision to schedule a hearing on a motion for summary judgment is within the trial court's discretion. Civ.R. 56; Klesch v. Reid (1994), 95 Ohio App.3d 664, 672. Because summary judgment is not intended to resolve issues of credibility or observe the demeanor of witnesses, a hearing on such a motion is not so critical. Id. at 672-673. Having reviewed the issues presented in this case, we do not find an abuse of discretion by the trial court in denying appellant a hearing. Appellant's first assignment of error is overruled.
Finally, in his third assignment of error, appellant argues that the trial court erred by allowing appellee to claim res judicata as a defense. Appellee asserted res judicata as an affirmative defense in his answer to appellant's complaint. Under Civ.R. 8(C), appellant was required to plead the affirmative defense of res judicata in the answer or waive that defense. Mossa v. W. Credit Union, Inc. (1992), 84 Ohio App.3d 177, 181.
If appellant is arguing that res judicata was an improper basis for the trial court's decision to grant summary judgment, we must reject appellant's argument. In his motion for summary judgment, appellee did not argue that appellant's claim was res judicata, nor is there any indication that the trial court considered that issue in reaching its decision. Moreover, we have already decided that summary judgment was properly granted on other grounds. Appellant's third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and KOEHLER, J., concur.