OPINION
Plaintiffs-appellants, Bobby E. Stephenson and Deborah L. Stephenson, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Flora R. Surratt and Marian McShane, on a breach of contract claim.
On March 14, 1997, appellants entered into a land contract to purchase property known as 101 East First Avenue in Columbus, Ohio, from appellees. The contract required that appellants make a $35,000 balloon payment on or before March 14, 1998. On March 3, 1998, appellants applied for financing at State Savings Bank and notified appellees of their loan application. Appellants also notified appellees of the approved financing on March 20, 1998. Appellee McShane, who held a Power of Attorney for appellee Surratt, informed appellants that the contract expired on March 14, 1998, and that appellees received another offer that was $10,000 greater than the original purchase price. Appellants, however, were informed that they could purchase the property if they matched the higher offer.
On May 13, 1998, appellants filed a complaint that sought specific performance of the land contract in addition to damages resulting from appellees' breach of the land contract. After filing an answer denying their breach, appellees filed a request for admissions, pursuant to Civ.R. 36(A), that was never answered by appellants. On August 24, 1998, the trial court sustained appellees' motion for summary judgment. The court concluded that the contract clearly stated that the $35,000 balloon payment was due on or before March 14, 1998. The clerk of courts' office failed to send a copy of the entry to appellants' counsel as required by Civ.R. 58(B).
On September 16, 1998, appellants filed a motion for relief from judgment under Civ.R. 60(B). The trial court overruled the Civ.R. 60(B) motion on November 9, 1998, and appellants appealed the entry that overruled the Civ.R. 60(B) motion. After being informed at a pre-trial conference on November 24, 1998, of the error committed by the clerk of courts' office, appellants filed an amended notice of appeal on December 16, 1998. Appellants appeal the decision of the trial court, granting summary judgment in favor of appellees and raise the following assignment of error:
 THE LOWER COURT ERRED IN FINDING THAT THERE ARE NO MATERIAL ISSUES OF FACT AS TO MODIFICATION OF THE CONTRACT, WHICH GIVE RISE TO A CAUSE OF ACTION ON THE CONTRACT.
In order to grant a motion for summary judgment, the court must be satisfied, construing the evidence most strongly in favor of the non-moving party, that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 629, citing Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64. If the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the non-movant does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
In their single assignment of error, appellants contend that they were led to believe by the actions of appellees that the expiration date of the contract would be extended through the loan application process. We disagree.
The terms of the contract state that a balloon payment of $35,000 is to be made to appellees by March 14, 1998. Appellants admitted that they did not pay this amount to appellees at the time of the contract's expiration date. In addition, appellants never responded to the request for admissions filed by appellees. When a party files a written request for admissions, a failure of the opposing party to timely answer the request constitutes a conclusive admission pursuant to Civ.R. 36. Kleschv. Reid (1994), 95 Ohio App.3d 664, 675. Appellants were aware that the expiration date of the contract was on March 14, 1998. However, they waited to apply for financing at State Savings Bank until eleven days before the deadline. Thus, appellants concede they did not comply with the express terms of the land contract.
Additionally, contrary to appellants' argument, there is no evidence of a contract modification. For a modification to a contract to be binding, it must be supported by consideration.Trader v. People Working Cooperatively, Inc. (1994), 104 Ohio App.3d 690,694. Although appellants informed appellees of the loan application process, there is no evidence to suggest that a contract modification was agreed upon by the two parties or that any additional consideration was given. Moreover, the issue of modification was never raised by appellants in their complaint.
Appellants also raise the argument that appellees are equitably estopped from canceling the land contract since they were aware that appellants applied for financing at State Savings Bank. A prima facie case for equitable estoppel requires a plaintiff to prove that: (1) the defendant made a factual misrepresentation that is misleading; (2) induces actual reliance which is reasonable and in good faith; and (3) causes detriment to the relying party. Doe v. Blue Cross/Blue Shield of Ohio (1992),79 Ohio App.3d 369, 379. Since there is no evidence to suggest that appellees made any representations to appellants concerning an extension of time for the loan process, appellants' assertion of equitable estoppel fails.
For the foregoing reasons, appellants' single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.