OPINION
Defendants, Corby Yeldell and Tennille Yeldell, appeal from a summary judgment rendered in favor of Plaintiffs, Central Insurance Company ("Central") and Thelma Cooper.
The underlying action is on a subrogation claim arising out of a collision between an auto driven by Thelma Cooper and one driven by Tennille Yeldell, which was owned by Corby Yeldell. Cooper was insured by Central, which paid Cooper $7,455 as indemnification. Central and Cooper then commenced this action against both Corby Yeldell and Tennille Yeldell, alleging negligence and negligent entrustment.
The Defendants, who were not represented by an attorney, filed an answer in the form of a letter in which they denied any fault in causing the accident. Thereafter, Central served a seven-question request for admissions on the Defendants, but they failed to answer in the time prescribed. Upon Central's motion the court ordered the matters in Central's request deemed admitted.
Central filed a motion for summary judgment based on the admissions. The court granted the Defendants until August 4, 2000 to respond. They retained an attorney, who filed a motion contra the motion for summary judgment and several other pleadings and motions on August 3, 2000.
Central moved to strike the Defendants' pleadings and motions, including their motion contra summary judgment. Without ruling on the motion to strike, the trial court granted the motion for summary judgment. Defendants appeal.
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S MOTION TO STRIKE THE DEFENDANTS-APPELLANTS' MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT WHERE THE DEFENDANTS-APPELLANTS' MEMORANDUM IN OPPOSITION TO SUMMARY JUDGMENT WAS FILED ON AUGUST 3, 2000 AND THE DEADLINE FOR FILING SAID MEMORANDUM WAS FOURTEEN DAYS FROM JULY 21, 2000 OR AUGUST 4, 2000.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE PLAINTIFFS-APPELLEES BECAUSE IT DID NOT CONSIDER THE MEMORANDUM IN OPPOSITION TIMELY FILED BY THE DEFENDANTS-APPELLANTS.
The trial court didn't rule on Plaintiffs' motion to strike, the substance of which concerned the other pleadings and motions Defendants filed, not to their motion contra Plaintiffs' motion for summary judgment. Absent a ruling on the motion to strike, we conclude that the motion to strike was denied and that the trial court proceeded to rule on the Plaintiffs' motion for summary judgment and Defendants' motion contra on their merits.
The matters which the trial court ordered admitted because Defendants had failed to respond to Plaintiffs' request for admissions conclusively establish negligence on their part and the damages that Plaintiffs suffered as a result. Plaintiffs relied on those admissions as proof supporting their summary judgment motion. In their motion contra, Defendants argued that the proof was insufficient for that purpose because they had denied negligence in their initial letter to the court, which it treated as a pleading responsive to Plaintiffs' complaint.
Civ.R. 36 governs requests for admissions. Division (A) provides that any matter which is the subject of a request is admitted unless a written answer or objection addressed to the matter is filed. Division (B) provides, inter alia, that "[a]ny matter admitted under this rule isconclusively established unless the court on motion permits withdrawal oramendment of the admission."
 Civ.R. 56(C) provides that a motion for summary judgment must begranted when the pleadings and evidentiary materials, including "writtenadmissions," show that there is no genuine issue of material fact andthat the movant is entitled to judgment as a matter of law. Unansweredrequests for admission, because the matter involved is deemed admitted,are the equivalent of written admissions for purposes of Civ.R. 56(C).Klech v. Reid (1994), 95 Ohio App.3d 664. Further, because the matteradmitted is conclusively established, it matters not that the same wasdenied or contradicted in the pleadings filed by the party making theadmission. Id.
Here, the matters the trial court ordered admitted conclusively establish that Defendants are legally liable to the Plaintiffs for the relief prayed in their complaint. The trial court was required by Civ.R. 56(C) to enter summary judgment for the Plaintiffs on their motion.
The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.