OPINION
{¶ 1} Defendants-appellants Custom Home Mortgage and Deborah Quach, hereinafter from time to time collectively referred to as Custom Home Mortgage, appeal from a summary judgment rendered against them and in favor of plaintiff-appellee Bonnie Cochran. Custom Home Mortgage contends that its procedural due process rights were violated when the trial court rendered summary judgment against it without having received its response to the motion for summary judgment, and before its response was due. We agree. Consequently, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.
 I {¶ 2} This is a dispute between Custom Home Mortgage, which is wholly owned by Quach, and Cochran, its former employee, over a commission allegedly owed by Custom Home Mortgage to Cochran for a loan originated by her. Cochran filed her action in June, 2005. A scheduling order was filed by a magistrate on September 15, 2005, providing for the exchange of names and addresses of witnesses, a discovery cut-off date, a trial date of January 6, 2006, and that:
 {¶ 3} "3. Summary Judgment Motions if appropriate, shall be filed on or before December 2, 2005. Responses to motions shall be filed by 14 days after filing."
 {¶ 4} In fact, Cochran had filed a motion for summary judgment on September 14, 2005, the day before the scheduling order was filed.
 {¶ 5} On September 19, 2005, not in any apparent response to any filing in the record, the trial court entered the following "Judgment Entry" (which is really an amendment to the scheduling order):
 {¶ 6} "This matter comes before the Court upon plaintiff's September 14, 2005 Motion for Summary Judgment. Plaintiff shall have fourteen (14) days from the date of this entry to supplement her Motion for Summary Judgment. The Court grants defendants 14 days from the date of filing of plaintiffs Supplemental Memorandum to file a response."
 {¶ 7} Cochran never filed any document supplementing her motion for summary judgment, and Custom Home Mortgage never filed any response to Cochran's original, September 14, 2005 motion for summary judgment.
 {¶ 8} On December 6,2005, Cochran filed various documents relating to discovery. These included: a Motion to Continue Discovery Deadline; a Motion to Deem Admissions Admitted; Plaintiffs First Request for Admissions; an Affidavit of Staci Helber reflecting that the Plaintiffs First Request for Documents and First Request for Admissions were sent to counsel for Custom Home Mortgage in August, 2005, and that the Plaintiffs First Set of Interrogatories and Second Request for Production of Documents was sent to counsel for Custom Home Mortgage in September, 2005; copies of cover letters and e-mail messages transmitting those discovery documents; a Motion to Compel; Plaintiffs First Request for Production of Documents; Plaintiffs Second Request for Production of Documents; and Plaintiffs First Set of Interrogatories. The next day, on December 7, 2005, Cochran filed two Notices of Service of Discovery Requests.
 {¶ 9} There is nothing in the record after this until the entry of summary judgment on January 4, 2006. An Amended Judgment Entry was filed on January 17, 2006, awarding judgment to Cochran, against Custom Home Mortgage and Quach, jointly and severally, in the amount of $1,781.35, with interest from the date of January 4, 2006.
 {¶ 10} From the judgment awarded against it, Custom Home Mortgage appeals.
 II {¶ 11} Custom Home Mortgage's sole assignment of error is as follows:
 {¶ 12} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SUSTAINING COCHRAN'S MOTION FOR SUMMARY JUDGMENT AFTER DIRECTING THE APPELLEE TO SUPPLEMENT HER MOTION AND ALLOWING CUSTOM HOME MORTGAGE AND DEBORAH QUACH TO FILE THEIR RESPONSE WITHIN FOURTEEN DAYS AFTER RECEIPT OF SAID SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT."
 {¶ 13} Custom Home Mortgage's argument is simple. Although the original scheduling order required it to respond to any motion for summary judgment that might be filed within fourteen days, the subsequent order amending that scheduling order allowed Cochran fourteen days to file a supplement to her motion for summary judgment, and allowed Custom Home Mortgage fourteen days from the date of filing of Cochran's supplemental memorandum to file a response. Because Cochran never filed a supplement to her motion, the fourteen-day response time never began to run. Therefore, the trial court ruled on Cochran's summary judgment motion before Custom Home Mortgage had responded, and before its time within which to respond had expired.
 {¶ 14} Cochran argues that Custom Home Mortgage's time to respond to the motion for summary judgment had, indeed expired. Cochran argues first that Custom Home Mortgage's time to respond expired fourteen days after Cochran's allowed time within which to file a supplemental memorandum had expired, with no supplemental memorandum having been filed. By Cochran's calculation, this deadline would have been October 17, 2005. Cochran next argues that, in any event, Custom Home Mortgage's allowed time within which to respond to her motion for summary judgment expired on December 16, 2005, which was fourteen days after the date allowed by the original scheduling order for motions for summary judgment.
 {¶ 15} We find neither of these arguments about the calculation of Custom Home Mortgage's response time to be persuasive. The original scheduling order was superseded by the order of September 19, 2005, which, by its terms, allowed Custom Home Mortgage fourteen days after the date of filing of Cochran's supplemental memorandum within which to file its response. The September 19, 2005 order could have specified that if Cochran did not file a timely supplement to her summary judgment motion, then Custom Home Mortgage's 14-day response time would begin to run when Cochran's time to file a supplement expired, but it did not do so.
 {¶ 16} One might argue that the response time referred to in the September 19, 2005 order is the time within which Custom Home Mortgage was required to respond, separately, to Cochran's supplemental memorandum, if it felt the need to do so, and that the time within which Custom Home Mortgage was required to respond to Cochran's original motion for summary judgment was not thereby affected. But this argument, also, does not persuade us. It would seem to be poor judicial economy to have required Custom Home Mortgage to protect itself by filing a response to Cochran's original motion for summary judgment, only to then be required to file a subsequent, supplemental response, once Cochran filed her supplemental memorandum. We construe the "response" referred to as the last word of the September 19, 2005 amendment to the scheduling order to be Custom Home Mortgage's response to Cochran's motion for summary judgment, generally, as it might be modified by the supplemental memorandum that Cochran was allowed by the amended scheduling order to file.
 {¶ 17} A party must be given an opportunity to oppose a motion for summary judgment. For example, although a trial court may convert a motion to dismiss into a motion for summary judgment where the movant is relying upon evidentiary material appropriate to summary judgment, the trial court must afford the responding party an opportunity to respond to the motion as a motion for summary judgment. Civ. R. 12(B);Federated Dept. Stores, Inc. v. Lindley (1987), 30 Ohio St.3d 135.
 {¶ 18} Cochran cites Klesch v. Reid (1994), 95 Ohio App.3d 664, 643 N.E.2d 571. In that case, a motion for summary judgment was filed, no hearing on the motion was ever held, after five months, no response to the motion for summary judgment was filed, and the trial court rendered summary judgment. Civ. R. 56(C) provides that the party adverse to the party moving for summary judgment may serve and file opposing affidavits "prior to the day of hearing." The Cuyahoga Court of Appeals rejected an argument that the adverse party had never had a chance to respond to the motion for summary judgment because the trial court had never set a date for a hearing on the motion:
 {¶ 19} "In the instant case, the record shows that appellants were served with appellee's motion for summary judgment approximately five months before the court's decision, and they failed to respond to it. They cannot now use the trial court's decision not to notify them of a hearing that never was as an excuse for not responding to the motion." Id., at 95 Ohio App.3d 673 (footnote omitted).
 {¶ 20} We are not sure that we are in agreement with the reasoning of the Cuyahoga Court of Appeals in the above-cited case, but, in any event, we regard the case before us as being distinguishable. InKlesch v. Reld, supra, the trial court never fixed a time for the response to the motion for summary judgment. Arguably, because no hearing date was ever set, the provision in Civ. R. 56(C) for the filing of a response "prior to the day of hearing" never came into play, and, because no time was then specified, by rule or by the trial court, for the filing of a response, a "reasonable time" became substituted, by default. In the case before us, by contrast, the trial court fixed a time for Custom Home Mortgage to respond to Cochran's motion for summary judgment. That time was fourteen days after Cochran supplemented her motion. Since she never supplemented her motion, the time never started to run. Of course, Cochran, realizing that she was not going to supplement her motion, could have moved to shorten the time, or to re-fix the time, for Custom Home Mortgage to respond, or the trial court, on its motion, could have done so.
 {¶ 21} Custom Home Mortgage's sole assignment of error is sustained.
 III {¶ 22} Custom Home Mortgage's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.
BROGAN and GRADY, JJ., concur.