JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Cherie R. Esque, pro se, appeals from the trial court's judgment granting summary judgment to plaintiff-appellee, National Check Bureau, Inc. We affirm.
 {¶ 2} National Check Bureau filed a complaint against Esque claiming that she owed a credit card debt. Esque responded with a "Statement of Facts in Response to Complaint," which the trial court treated as an answer. In her response, Esque did not deny the allegations of the complaint, but asserted that the credit card agreement attached to National Check Bureau's complaint did not adequately identify her as the owner of the account and that National Check Bureau had failed to provide proof that First USA had assigned her account to it.
 {¶ 3} National Check Bureau subsequently served Esque with its first set of interrogatories, requests for production of documents, and requests for admissions. Esque did not respond. National Check Bureau then moved for summary judgment on the ground that the requests for admissions were deemed admitted in light of Esque's failure to respond and, therefore, there was no genuine issue of material fact for trial. Esque filed a response, in which she argued again that National Check Bureau had failed to produce a valid signed credit agreement. In addition, she asserted that she had responded to National Check Bureau's discovery requests and requests for admissions. In its reply, National Check Bureau argued that Esque's response to its request for admissions had been untimely and, therefore, *Page 4 
the requests for admissions were deemed admitted. The trial court subsequently granted summary judgment to National Check Bureau in the amount of $14,359.35, plus interest.
 {¶ 4} Esque now appeals. She argues that the trial court erred in granting summary judgment, because National Check Bureau never produced a signed copy of the credit card agreement that identified her as the account holder and failed to provide proof of First USA's assignment of rights on the account.
 {¶ 5} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v. Mentor Soccer Club, Inc. (1998),82 Ohio St.3d 367, 369-370; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 6} Our review of the trial court's judgment requires a close examination of National Check Bureau's request for admissions. The requests asked Esque to admit that: 1) she had entered into a credit card agreement with First USA; 2) she had used the card to make purchases and cash advances; 3) she had failed to pay the amount owed in accordance with the terms of the credit card; and 4) she owed a *Page 5 
balance due of $14,359.35, plus interest, on the account. Additionally, the requests asked Esque to admit that she had no evidence that she did not owe the balance sued for in the complaint.
 {¶ 7} Civ.R. 36(A) requires that a party to whom request for admissions have been directed must answer or object, in writing, within a designated time period. It is well-settled that where a party files a written request for admission, a failure of the opposing party to timely answer the request constitutes a conclusive admission for purposes of the suit and a Civ.R. 56(C) motion for summary judgment may be based on the admitted answer. Bank of New York v. Jordan, Cuyahoga App. No. 88619, 2007-Ohio-4293, at ¶ 34, citing Klesch v. Reid (1994),95 Ohio App.3d 664, 674. Although Esque proceeded pro se, she was subject to the same rules as counsel and "must accept the result of [her] own mistakes and errors." Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210. The consequence of her failure to timely respond to the request for admissions was that there was no genuine issue of material fact as to the validity of National Check Bureau's claim. Thus, the trial court did not err in granting summary judgment to National Check Bureau.
 {¶ 8} Appellant's assignment of error is overruled.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR. *Page 1