WATSON, APPELLEE, *v.* NORFOLK & WESTERN RAILWAY COMPANY, APPELLANT.

(No. 50858—Decided January 20, 1987.)

*Robert E. Sweeney,* for appellee.
*Hugh M. Stanley, Jr.,* for appellant.

HARRIS, J. Plaintiff-appellee, Frank Watson, was employed by the Nickel Plate Railroad between 1943 and 1957 and by Reactive Metals, Inc. from 1957 to the present. Watson alleged that, during both periods of employment, he was exposed to asbestos, which exposure

resulted in his contracting asbestosis and industrial bronchitis. In 1964, Norfolk & Western Railway Company acquired the Nickel Plate Railroad and assumed all of the Nickel Plate's assets and liabilities as of that date.

Watson brought this action against Norfolk & Western Railway Company (hereinafter "N & W") for damages under the Federal Employers' Liability Act (hereinafter "FELA"), Section 51 *et seq.*, Title 45, U.S. Code, for occupational lung disease, specifically asbestosis and industrial bronchitis. Watson also brought claims against fourteen manufacturers or suppliers of asbestos products to Reactive Metals, Inc. Six of the manufacturing defendants were dismissed on motions for summary judgment prior to trial, while the remaining eight manufacturing defendants reached settlements with Watson and were dismissed from the suit. The trial proceeded against N & W as the sole defendant. The jury returned a verdict in favor of Watson against N & W in the amount of $337,250. The trial court entered judgment on the verdict, less $45,000 paid by the settling defendants, in the amount of $292,250. Thereafter, N & W filed this appeal, raising two assignments of error.

Both of N & W's assignments of error relate to the measure of damages. Since this action is brought under the provisions of the FELA, federal law governs the determination of the proper measure of damages. As the Supreme Court stated in *Norfolk & Western Ry. Co.* v. *Liepelt* (1980), 444 U.S. 490, 493:

"It has long been settled that questions concerning the measure of damages in an FELA action are federal in character. * * * This is true even if the action is brought in state court."

N & W's first assignment of error is:

"The trial court erred by refusing the Nickel Plate's (N & W's) request to instruct the jury that any award would not be subject to income taxation."

N & W submitted to the trial court a number of requested jury instructions, including Instruction No. 26, which states as follows:

"Any damages you might award to the plaintiff would not be taxable income within the meaning of federal or state income tax laws. Therefore, if you award any damages, you should not increase the amount of your damage award to enable the plaintiff to pay taxes on that award since any award you make will be nontaxable."

The trial court refused to give requested Instruction No. 26 to the jury and overruled N & W's objection to the omission.

In *Norfolk & Western Ry. Co.* v. *Liepelt, supra,* the Supreme Court held that, in FELA cases, a properly worded instruction concerning the nontaxability of an award must be submitted to the jury when properly requested.

Watson argues that the trial court properly rejected N & W's proffered instruction because a trial court is under no duty to give an incorrect or improper instruction of law, *Centrello* v. *Basky* (1955), 164 Ohio St. 41, 57 O.O. 77, 128 N.E. 2d 80, and that the instruction is improper as the wording is argumentative and weighted in favor of N & W. However, the trial court refused to give N & W's Instruction No. 26, not on the basis of improper wording of the instruction, but on the grounds that *Liepelt* did not require such an instruction in the case *sub judice*. Further, this court finds that, while the wording of N & W's requested Instruction No. 26 differs slightly from that in *Liepelt* and the other cases cited by Watson, it is evenhanded and is not unduly weighted in favor of N & W.

Watson further argues that the trial court properly rejected the requested instruction as N & W did not introduce any evidence or argument concerning the tax aspects of Watson's claim for

lost wages. This court finds Watson's argument to be without merit. Evidence was introduced at trial concerning Watson's wages and hourly rate of pay. Any mention of wages or hourly rates will immediately lead tax-conscious Americans to consider whether the figures represent before- or after-tax dollars and to question whether the award is taxable. It would be the unusual juror who understood that such awards are not taxable. See *Liepelt, supra,* at 496-498.

Finally, Watson argues that, since the jury returned only a general verdict and N & W did not submit interrogatories to the jury asking how much of the award was for lost wages, it is impossible to know whether the jury's award was improperly inflated by tax considerations. Thus, according to Watson, a reversal for failure to give the *Liepelt* tax instruction is not warranted. The defendant in *Liepelt, supra,* also did not submit interrogatories to the jury requesting a breakdown of the award. However, the Supreme Court did not require proof of an inflated award before reversing for failure to give the tax instruction. See *Liepelt, supra,* at 497-498; *O'Byrne* v. *St. Louis Southwestern Ry. Co.* (C.A. 5, 1980), 632 F. 2d 1285, 1287.

Accordingly, the court finds that N & W's first assignment of error is well-taken.

N & W's second assignment of error is divided into two parts as follows:

"The trial court erred when it admitted evidence and instructed the jury on Watson's alleged mental anguish due to his fear of cancer.

"(A) There is no evidence to indicate that Watson is likely to contract cancer as a result of his exposure to asbestos.

"(B) Watson did not introduce competent evidence to prove that he suffered mental anguish as a result of his alleged fear of cancer."

The court finds that the first part of N & W's second assignment of error is well-taken. Under FELA, a plaintiff may recover damages for fear of developing a harmful condition in the future when that condition is *imminent* or would *probably occur*. See *Hayes* v. *New York Central RR. Co.* (C.A. 2, 1962), 311 F. 2d 198; *Bullard v. Central Vermont Ry., Inc.* (C.A. 1, 1977), 565 F. 2d 193. Prior to trial, the trial court granted N & W's motion *in limine* and correctly held that Watson could not present evidence of his fear of contracting cancer unless Watson established by a reasonable medical certainty that he would *probably* develop cancer as a result of his exposure to asbestos. The only evidence presented at trial as to Watson's chances of contracting cancer was the testimony of Dr. Venizelos who stated as follows:

"My opinion is that on the basis of his asbestosis [*sic*] exposure, he has an *increased chance* of developing lung cancer, mesothelioma or some gastrointestinal cancer, that is, a cancer of the stomach or colon." (Emphasis added.)

The trial court did not strike the testimony of Watson's expert and charged the jury that Watson could be compensated for his fear of contracting cancer in the future from his exposure to asbestos. The court finds that an *increased chance* is a lesser standard than is required under FELA and that the jury should not have been allowed to award damages to Watson for his fear of developing cancer on the basis of this lesser standard.

As to the second part of N & W's second assignment of error, the court finds that, just as a layman may testify regarding his pain and suffering from physical injuries where the damages are not so great as to require expert testimony, so, too, may a layman testify

as to his fear of contracting a future disease. See *Turner* v. *Barrett* (1980), 68 Ohio App. 2d 80, 22 O.O. 3d 74, 426 N.E. 2d 1193. The lack of expert medical or psychological testimony as to Watson's mental suffering goes to the weight to be given to Watson's testimony concerning his fear and does not require that the issue be withdrawn from the jury's consideration. Even though expert medical or psychological testimony is not required to prove that Watson did, in fact, suffer mental anguish because of his fear of contracting cancer, Watson must still present evidence that there was a reasonable basis for his fear before a jury will be allowed to award him damages for his mental suffering. However, no evidence was presented at trial that Watson learned from a reliable source of the likelihood of his contracting cancer from his exposure to asbestos. See *Dartez* v. *Fibreboard Corp.* (C.A. 5, 1985), 765 F. 2d 456.

Accordingly, the court finds that N & W's second assignment of error is well-taken.

As all of N & W's assignments of error relate solely to the measure of damages and not to liability, this case is reversed and remanded for a new trial on the damages issue only. The jury's determination of liability is affirmed.

*Judgment accordingly.*

STILLMAN, P.J., concurs.

WILKOWSKI, J., dissents.

STILLMAN, J., retired, of the Eighth Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.

WILKOWSKI, J., of the Sixth Appellate District, and HARRIS, J., of the Court of Common Pleas of Lorain County, sitting by assignment in the Eighth Appellate District.