[No. 10270–6–II.   Division Two.   May 20, 1988.]

LYLE R. SORENSON, ET AL, *Respondents,* v. RAYMARK INDUSTRIES, INC., ET AL, *Appellants.*

*Linda E. Blohm* and *McKay & Gaitan,* for appellant Raymark Industries.

*Steven T. Johnson* and *Gibson, Dunn & Crutcher,* for appellant Celotex Corp., et al.

*Cynthia Gannett* and *Williams, Kastner & Gibbs,* for appellant Eagle–Picher Industries.

*Kirk I. Mortensen, Kristin Houser, William J. Rutzick,* and *Schroeter, Goldmark & Bender,* for respondents.

REED, C.J.—Defendants, manufacturers of asbestos products, appeal a judgment in favor of Lyle Sorenson, who suffers asbestos–related impairments. Sorenson was employed at Puget Sound Naval Shipyard for many years, from the early 1940's through the mid–1970's. Although he

did not work with asbestos products personally, he frequently did work in areas where these products were applied or removed, and where asbestos dust filled the air.

In 1980, Sorenson's physician determined that Sorenson had asbestosis, which later worsened, and pulmonary disease related to his habit of smoking cigarettes. A more recent medical examination revealed a spot on Sorenson's lung, which proved to be a benign atelectasis. However, persons exposed to asbestos are at greater risk of contracting lung cancer or another form of cancer called mesothelioma.

In 1981, Sorenson filed this action against the defendant manufacturers, relying on negligence and products liability theories. At a pretrial hearing, the defendants' motion to exclude evidence of Sorenson's increased risk of contracting cancer was denied, and such evidence was admitted at trial. The jury awarded damages to Sorenson and his wife. The defendants' motion for judgment notwithstanding the verdict, or for a new trial, was denied.

First, the defendants contend that the trial court erred by denying their motion in limine seeking to exclude evidence that exposure to asbestos increased Sorenson's risk of contracting cancer. Evidentiary rulings are reviewed only for an abuse of the trial court's sound discretion, which occurs only when evidence is admitted that is both inadmissible and prejudicial. *Caruso v. Local 690, Int'l Bhd. of Teamsters,* 107 Wn.2d 524, 535, 730 P.2d 1299, *cert. denied,* 108 S. Ct. 67 (1987). The defendants argued that this evidence was not admissible unless Sorenson could demonstrate a reasonable probability that he would actually contract either form of cancer. Sorenson urged, and the trial court agreed, that the evidence was admissible to show the increased risk, relying on *Herskovits v. Group Health Coop.,* 99 Wn.2d 609, 664 P.2d 474 (1983), which held that a physician could be liable for a misdiagnosis that reduced to 14 percent a patient's 50 percent chance of surviving a terminal condition.

In *Herskovits,* 99 Wn.2d at 614–15, two Justices concluded that the plaintiff need establish only that the physician's negligence was a substantial factor in causing the patient's death. This analysis was founded on the rule that one is liable for the physical damages caused by negligently rendering aid to another and consequently increasing the risk of harm to that person. *Brown v. MacPherson's, Inc.,* 86 Wn.2d 293, 299, 545 P.2d 13 (1975). However, in *Daugert v. Pappas,* 104 Wn.2d 254, 262, 704 P.2d 600 (1985), the court limited the substantial factor analysis, noting that it applies only when a plaintiff cannot show that one event alone caused the injury involved. In Sorenson's case, of course, he can point to one event, exposure to asbestos, as a source of injury. Moreover, this is not a case that falls under the *Brown* rule, because the defendants in this case did not render aid to Sorenson. Thus, this facet of the *Herskovits* decision does not support admissibility of the challenged evidence.

The next holding of the *Herskovits* decision, adopted by four Justices, is that a reduction in a patient's opportunity to recover from the illness is a real, distinct, and compensable injury. 99 Wn.2d at 634. Although this discussion does not refer to the *Brown* rule, it too seems to apply when the defendant negligently has rendered aid, and thus does not apply to this case. Moreover, as *Daugert* explains, this rationale permits a party to recover where the plaintiff has lost an opportunity and has no other redress. 104 Wn.2d at 261. Here, of course, Sorenson has not lost an opportunity and he seeks redress for a merely speculative harm, the onset of cancer. Finally, *Herskovits* applies only where the defendant's negligence caused a "separate and distinguishable harm," *Daugert,* 104 Wn.2d at 261–62, while Sorenson suffered a single harm, asbestosis from his exposure to the product. *See Herber v. Johns–Manville Corp.,* 785 F.2d 79, 82–83 (3d Cir. 1986). Thus, the evidence regarding Sorenson's increased risk of cancer was not properly admitted under the *Herskovits* analysis.

We agree with Sorenson's alternative theory, however, that this evidence was admissible to establish, as a damage factor, the reasonableness of his *fear* that he would contract cancer. Our courts long have recognized that a plaintiff may recover for anxiety, arising from a current reasonable fear of future injury or illness, and resulting from an injury caused by the defendant. *See Elliott v. Arrowsmith,* 149 Wash. 631, 633, 272 P. 32 (1928). Thus, a plaintiff who drank from a bottle containing glass shards was allowed to testify as to his doctor's statements regarding future surgery to probe for glass and as to the fear this engendered, because the jury could consider the plaintiff's state of mind in determining his recovery. *Brown v. Coca–Cola Bottling, Inc.,* 54 Wn.2d 665, 668–69, 344 P.2d 207 (1959). Another plaintiff was permitted to recover for mental anxiety based upon his fear that a catheter had slipped into his cardiovascular system, after he established that hospital personnel had placed the catheter in his arm improperly, and that it then disappeared. *Dickerson v. St. Peter's Hosp.,* 72 Wn.2d 196, 432 P.2d 293 (1967).

Similarly, Sorenson established that he suffered an injury resulting from his exposure to asbestos, and that he was well aware of the possibility he might contract cancer, especially after he learned that a spot had been found on his lung. He was entitled to recover for his reasonable fear of contracting cancer as an element of his damages. As the court said in a nuisance action by landowners whose well water was contaminated after the defendant dumped chemicals nearby: "Fears of present and future health problems stemming from actual ingestion of the chemical . . . are not remote and fanciful, but rather are reasonable and therefore compensable." *Wilson v. Key Tronic Corp.,* 40 Wn. App. 802, 810, 701 P.2d 518 (1985). The evidence in Sorenson's case explained the reasonableness of his fear by detailing his increased risk of cancer, and was properly admitted. Defendants, of course, would have been entitled to a limiting instruction had they requested it. Because a proper basis existed for admitting the evidence, we affirm

the decision of the trial court. *Keogan v. Holy Family Hosp.*, 95 Wn.2d 306, 317, 622 P.2d 1246 (1980); *Wilson*, 40 Wn. App. at 814.

Next, defendants contend that the jurors engaged in misconduct in arriving at their verdict. Three affidavits indicate that the individual jurors assessed the Sorensons' damages at widely divergent amounts, so they agreed to add together each juror's proposed award, subtract the high and low proposals, and divide the remainder by 10. The record does not demonstrate that the jurors agreed to vote for a verdict based upon the product of this calculation, although that sum proved to be the amount awarded.

█ A trial court exercises discretion in ruling upon a motion for a new trial based on juror misconduct, and its decision will be affirmed, unless no reasonable judge would have reached the same conclusion. *Byerly v. Madsen*, 41 Wn. App. 495, 499, 704 P.2d 1236, *review denied*, 104 Wn.2d 1021 (1985). The jurors in *Sears v. International Bhd. of Teamsters, Local 524*, 8 Wn.2d 447, 456–57, 112 P.2d 850 (1941), used a procedure similar to that used in this case and returned a verdict equal to the result of their calculation, but their conduct did not require a reversal:

> Where the jurors have not, in advance, agreed to abide by the result of the computation, and, after a quotient has been arrived at by adding and dividing, the requisite number of jurors vote for a verdict in this sum, it is not subject to the objection that it was arrived at by lot or chance.

An assignment of error regarding this issue is without merit if the jurors' affidavits do not disclose that they agreed in advance to be bound by the result of their procedure. *Palmer v. Massey–Ferguson, Inc.*, 3 Wn. App. 508, 518, 476 P.2d 713 (1970). While we do not approve of the method used, we cannot say that these jurors engaged in misconduct, because they had not agreed to be bound by the result of their calculations. The trial court did not abuse its discretion by refusing to order a new trial.

Appellant's remaining assignments of error are without merit. Accordingly, we affirm.

PETRICH and WORSWICK, JJ., concur.