James H. DENTON, Plaintiff–Appellant,

v.

SOUTHERN RAILWAY COMPANY, and
Norfolk Southern Corporation,
Defendants–Appellees.

Court of Appeals of Tennessee,
Eastern Section.

Jan. 4, 1993.

Permission to Appeal Denied by
Supreme Court June 1, 1993.

Peter G. Angelos and George A. Weber, III, Knoxville, for plaintiff-appellant.

Earl R. Layman and James E. Wagner, Layman, O'Connor, Petty & Child, Knoxville, and William Foster, Hall, Haynes, Lusk & Foster, Chattanooga, for defendants-appellees.

## OPINION

FRANKS, Judge.

In this action under the Federal Employers' Liability Act [FELA] 45 U.S.C. § 51, *et seq.*, the Trial Court dismissed one defendant by summary judgment and entered judgment of $25,000.00 for damages based on a jury verdict in favor of the plaintiff.

Plaintiff has appealed, insisting the action should be reinstated as to Norfolk Southern Corporation [NSC] and that he is entitled to a new trial because the Trial Judge excluded evidence on plaintiff's reasonable fear of contracting cancer and his increased need for cancer monitoring, and erroneously instructed the jury. We affirm the dismissal of NSC as a defendant, but reverse and remand for a new trial on the other issues.

Plaintiff was an employee of Southern Railway Company from 1937 to 1953, where he worked as a pipefitter, and was exposed to asbestos. During plaintiff's employment, defendant did not issue warnings or take precautions to protect its employees from exposure to asbestosis dust. After plaintiff left defendant's employment, he was employed by Union Carbide, where he was also exposed to asbestos. He had smoked, but had ceased smoking approximately twenty years previously.

In the early 1950's plaintiff began to experience shortness of breath, and it is undisputed that he now suffers from asbestosis, which has caused a marked reduction in his physical activity and his expected lifespan has been reduced. Denton's risk of contracting mesothelioma, an asbestos-related cancer, has increased. Denton explained that his illness and memories about co-workers who contracted cancer, and his own doctor's recommendation that he be monitored for cancer, has caused mental anguish about his future health.

The Court excluded testimony about plaintiff's increased risk of cancer and his fear of contracting cancer. An offer of proof was made and the treating physician testified that plaintiff's risk of mesothelioma had increased 20% as a result of his asbestosis exposure. He recommended a minimum yearly chest x-ray to monitor plaintiff.

The Court instructed the jury that under FELA an employer is not an insurer of its employees' safety, but would be liable for breaching its duty of ordinary care to determine what a reasonably prudent railroad should have known about asbestos exposure in the 1950s. The jury was entitled to take into account evidence about the "state-of-the-art." But the jury was only to find defendant liable to the extent its negligence was a "substantial contributing factor" to plaintiff's injury. The jury was instructed only to compensate plaintiff for "separately identifiable" damages that could be attributed solely to defendant. The jury returned a verdict for $25,000.00.

The Trial Court properly determined that NSC was not a proper party defendant. The motion to dismiss was based on the fact that NSC operated only as a holding company for Southern Railway stock and did not come into existence until 1980. Furthermore, it argued it cannot be liable under FELA because it is neither a common carrier nor plaintiff's employer. In the complaint, plaintiff sued NSC as his "employer", but in response to the motion, plaintiff alleged NSC was Southern Railway's successor-in-interest, and actually operates the railroad. To create a disputed question of fact, plaintiff offered photos of the railyards, tax records, telephone directory pages, and cited the representation of the parties by the same lawfirm all to suggest NSC is the alter ego of Southern Railway.

The Trial Court, relying on *Stigall v. Wickes Machinery*, 801 S.W.2d 507 (Tenn.1990), concluded that even if NSC was a common carrier, it would not be liable for Southern Railway's actions. The *Stigall* court said that corporate entity should not be disregarded unless the al-

leged wrongdoer employs its relationship with a corporation to commit a wrongful act that harms a plaintiff. Under this rationale, NSC could not be liable to plaintiff whose employment had ended almost thirty years before NSC was created. Plaintiff argues the Trial Court improperly relied on non-federal cases and cites *Townley v. Norfolk & Western Railway Co.*, 690 F.Supp. 1513 (S.D.W.Va.1988)[1] as controlling authority. The argument is without merit. Numerous federal cases construing the FELA actions against closely related corporate entities support the Trial Court's decision. *See Brooks v. Southwestern Trans. Co.*, 494 F.2d 1271 (6th Cir.1974), *Garrett v. Southern Railway Co.*, 278 F.2d 424 (6th Cir.1960). *Also see Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949).

Whether NSC operates as a common carrier is not relevant to the issue of its "relationship" to Southern Railway at the time of plaintiff's employment. As a matter of law, NSC could not be accountable for an event under a corporate relationship that did not exist. Moreover, the policy reasons suggested in *Schweitzer v. Conrail*, 65 B.R. 794 (E.D.Pa.1986) for limiting successor liability apply here, i.e., Southern Railway is still in existence and liable for any negligence conduct. We affirm the dismissal of the defendant NSC.

The Trial Court's instructions misconstrued essential elements of FELA and constitutes reversible error.

45 U.S.C. § 51 (1939) provides:

**§ 51. Liability of common carriers by railroad, in interstate or foreign commerce, for injuries to employees from negligence; employee defined**

Every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

Enacted at the turn of the century and substantially amended in 1939, Congress passed FELA because it was dissatisfied with the common law duty of the master to a servant. The statute supplants that duty with a statutory duty of paying damages for a common carrier's employee's injury or death due in whole or in part to the employer's negligence. *Rogers v. Mo. Pacific R.R. Co.*, 352 U.S. 500, 507, 77 S.Ct. 443, 449, 1 L.Ed.2d 493 (1957). The coverage of the statute is defined in broad language, which has been construed very broadly. *Atchison Topeka & Santa Fe Ry. Co. v. Buell*, 480 U.S. 557, 107 S.Ct. 1410, 1415–16, 94 L.Ed.2d 563 (1987).

In these cases, the issue is whether the evidence is such that a jury can reasonably conclude the employer's negligence played a part, even slight, in producing the injury or death for which damages are sought. *Rogers*, 352 U.S. at 506, 77 S.Ct. at 448.

---

**1.** Although the *Townley* plaintiff sued both NSC and Southern Railway, the claim was barred by the statute of limitations and successor liability was not addressed.

FELA was crafted to eliminate a number of traditional defenses to tort liability and to facilitate recovery in meritorious cases. *Atchison, Topeka & Santa Fe Ry. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). The 1939 amendments abolished assumption of the risk. 45 U.S.C. § 54, and an employee's contributory negligence may reduce damages but will not bar recovery. 45 U.S.C. § 53.

FELA claims have long been extended to include not only injuries caused by a single traumatic event, but also to long term occupational diseases like asbestosis. In *Urie,* the Supreme Court held that "injuries" included those that extended subtly over long periods of time. The *Urie* Court 337 U.S. at 186–87, 69 S.Ct. at 1033 said:

> "In our view, when the employer's negligence impairs or destroys an employee's health by requiring him to work under conditions likely to bring about such harmful consequences, the injury to the employee is just as great when it follows often inevitably, from a carrier's negligent course pursued over an extended period of time as when it comes with the suddenness of lightning. Silicosis is as much 'injury,' leading in time as certainly to permanent disability, as scalding from a boiler's explosion. We do not think the mere difference in the time required for different acts of negligence to take effect and disclose their harmful, disabling consequences would justify excluding the one type of injury from the Act's coverage or that such an exclusion would be consistent with its language, purposes, or unvarying standards of construction."

In recent years, a unanimous Supreme Court has looked with favor on actions for "pure" emotional distress under FELA. *Buell,* 107 S.Ct. 1410.

█ In this case, the Court's instruction on causation and damages constitutes reversible error. The Trial Judge instructed the jury that the defendant was liable to plaintiff only to the extent that its negligence was a "substantial contributing factor" to Denton's injuries. This instruction would allow the trier of fact to discount its award for injuries caused by plaintiff's smoking or other employment. Contributory negligence is a proper basis for reducing plaintiff's recovery, but the undisputed evidence is that plaintiff's prior smoking habit was not causally related to the asbestosis. More important, the employee's burden to prove causation is slight.

> "While it is still undoubtedly true that there must be some shreds of proof both of negligence and of causation ... there appears to be little doubt that under [FELA], jury verdicts for the plaintiff can be sustained upon evidence which would not be sufficient in the ordinary negligence action." Prosser & Keaton, *Torts,* 579 (5th Ed.1984) (citations omitted).

Similarly, the Supreme Court has made it clear that other causes do *not* affect the recovery against the employer.

> "... [T]he test is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes.... the single inquiry [is] whether, with reason, the conclusion may be drawn that the negligence of the employer played any part at all in the injury or death.... The statute expressly imposes liability on the employer to pay damages for injury or death due in whole or in part to its negligence." *Rogers,* 352 U.S. at 506–07, 77 S.Ct. at 448–49.[2]

We conclude that the instruction was misleading on the issue of damages.

█ The Trial Court's exclusion of evidence about plaintiff's fear of cancer and future medical expenses was erroneous. Plaintiff made an offer of proof on this

---

**2.** Defendant cites *Dale v. Baltimore & Ohio R.R. Co.,* 552 A.2d 1037 (Pa.1989) as authority to reduce damages for multiple causes in a FELA

claim. The case is contrary to the wording of the statute, no other court has employed this analysis for establishing damages.

issue but on appeal does not seek recovery for the increased risk of cancer, because the treating physician opined the risk to be less than 50%. Rather, plaintiff asserts FELA allows recovery for mental anguish/emotional distress, including cancer-phobia, and for future medical expenses, i.e., cancer monitoring. He insists the excluded proof was essential to his claim for damages. In response, defendant argues the risk of cancer was so low that mental anguish and future medical damages would be speculative. Moreover, it is argued that such damages would not be recoverable for a latent disease as opposed to a traumatic injury.

The weight of federal case authority supports plaintiff's argument that the evidence of cancer-phobia and cancer monitoring should not have been omitted. In *Hagerty v. L & L Marine Services, Inc.*, 788 F.2d 315 (5th Cir.1986), the Court said at p. 318:

"With or without physical injury or impact, a plaintiff is entitled to recover damages for serious mental distress arising from fear of developing cancer where his fear is reasonable and causally related to the defendant's negligence.... *It is for the jury to decide questions such as the existence, severity, and reasonableness of the fear." Id.* at 318 (emphasis added).

Moreover, the Court said the plaintiff was entitled to recover for continuing expenses of periodic medical checkups to ensure early detection and treatment of cancer. *Accord Amendola v. Kansas City Southern Railway Co.*, 699 F.Supp. 1401 (W.D.Mo.1988), *Buell.*

Plaintiff's offer of proof establishes he is suffering from asbestosis and his existing illness, due to defendant's negligence has increased his chance of contracting mesothelioma. As a consequence, he worries about whether he will get cancer, and needs at a minimum a yearly x-ray to monitor his condition.

■ Under FELA, a claim becomes compensable when it is manifest. *Schweitzer.* While defendant correctly argues plaintiff cannot now recover for a cancer he does not have, conversely, he would be entitled

to recover for mental distress and future medicals and it was for the trier of fact to determine whether the excluded evidence merits recovery of damages.

Defendant relies on *Watson v. Norfolk & Western Railway Co.*, 30 Ohio App.3d 201, 507 N.E.2d 468 (Ohio App.1987), which held that a plaintiff could not recover from fear of cancer unless the increased risk would more probably than not result in cancer. This case is contrary to the majority view, as expressed in *Hagerty* where the extent of the risk goes to the weight and not the admissibility of the evidence.

Defendant also cites two Tennessee products liability cases to support the exclusion of the evidence, *Daniels v. Combustion Engineering*, 583 S.W.2d 768 (Tenn.App. 1978); *Potts v. Celotex Corp.*, 796 S.W.2d 678 (Tenn.1990). It is settled law that questions concerning the measure of damages in a FELA action are federal in character. *See Norfolk & Western Ry Co. v. Liepelt*, 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). The cited state law does not control FELA claims governed by federal law, nor is defendant's claim that traumatic injury should be treated differently than occupational diseases under FELA supported by federal law. The Supreme Court expressly rejected this argument over forty years ago in *Urie.*

For the foregoing reasons the summary judgment of the Trial Court is affirmed and the judgment on the jury verdict is reversed and the cause remanded for a new trial in accordance with this Opinion.

The costs of appeal are assessed one-half to each party, and the cause remanded.

GODDARD and McMURRAY, JJ., concur.