## CIRCUIT COURT OF THE CITY OF RICHMOND

Betty Jo Kennedy

v.

William Wheeler et al.

March 19, 1998

Case No. LX-142-3

BY JUDGE T. J. MARKOW

On March 18, 1998, counsel appeared and argued defendant's motion to exclude evidence of "Loss of Chance of Survival and Future Lost Wages."

Defendant correctly argues that "loss of chance" is not a separate cause of action. Plaintiff agrees. Plaintiff, however, argues that this is not what she wishes to offer.

The issue revolves around the increased likelihood of a recurrence of the cancer because of the one-year delay in treating it.

As I understand plaintiff's position, her evidence would be that if the cancer were discovered and treated in 1991, there would have been a 20 to 40% chance that the cancer would recur, i.e., show up in diagnosable form which would result in her death. Her witness would testify that because of the delay in treatment for one year, the chances of recurrence rose to 80%. As she has survived for five years since treatment, the witness would opine that her chances of recurrence within the next ten years is 55%. In other words, her risk of recurrence has increased from 20 to 40% to 55% because of the one-year delay in treatment caused by defendant's alleged failure to diagnose.

Plaintiff offers this evidence to prove several of the standard elements of damage as found in V.M.J.I. 9.000:

(1) "Mental anguish" — i.e., because of the greater likelihood of a recurrence, plaintiff has a heightened concern for her future.

Without doubt, the evidence may be introduced for this purpose with an appropriate cautionary instruction to the jury of the purpose assuming that is the only basis for its admission. This purpose was not disputed by defendant.

(2) "Any bodily injuries she sustained and their effect on her health according to their degree and probable duration."

It is clear that defendant did not cause the cancer. However, plaintiff claims that she is able to prove that during the one-year delay in treatment, the cancer that was present has spread to other parts of her body (micro metastasis). It is these now undetectable cells that have a 55% chance of developing into a full blown terminal cancer within ten years of 1992.

If the above is true, then defendant has caused plaintiff bodily injury, the extent of and nature of which she may attempt to prove with this type of evidence. Of course, the witness must lay an adequate foundation for any of this evidence before it is offered to exclude the likelihood of speculation and to establish its reliability.

(3) "Loss of earnings and earning capacity in the past and in the future."

As in element (2) above, this is an element plaintiff may attempt to prove with the evidence in issue here. There is, however, an additional element of difficulty. In order to prove loss of earnings in the future, there must be evidence of the likely time plaintiff will stop working, as well as her work-life expectancy. How will an expert be able to give evidence with the appropriate degree of probability without some speculation? The trial judge will have to make that determination.

The defendant is responsible only for the increased likelihood of recurrence resulting from the delay, i.e, from 20 to 40% to 55%, and is entitled to cross-examine witnesses on this and probably would be entitled to the "pre-existing condition" instruction. That will be the decision of the trial judge. All that I see here is based upon the information given me on the *in limine* motion. Different information produced at trial may produce a different result.

### Order

The parties came on the defendant's Motion to Exclude Evidence of Loss of Chance and Future Lost Wages and argument was heard. For the reasons stated in the court's letter opinion to counsel, the motion is overruled, to which ruling of the court, the defendant's objection is noted.