# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE

**FILED**

November19, 1999

Cecil Crowson, Jr.

Appellate Court Clerk

| | | |
|---|---|---|
| JOHNNY D. YOUNG, | ) | NO. 03A01-9812-CV-00414 |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Appeal As Of Right From |
| v. | ) | HAMILTON COUNTY CIRCUIT COURT |
| | ) | |
| NORFOLK SOUTHERN RAILWAY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant/Appellee. | ) | HONORABLE W. NEIL THOMAS, III |

**For the Appellant:**          **For the Appellee:**
Robert D. Bradshaw          George L. Foster
Chattanooga          Chattanooga

AFFIRMED          Swiney, J.

## OPINION

This is an appeal from the Trial Court's denial of a Motion for New Trial filed by Plaintiff/Appellant, Johnny D. Young. The motion was based upon allegations of a quotient verdict, improper admission of evidence, and improper argument by counsel for Defendant/Appellee, Norfolk Southern Railway Company. Although Plaintiff prevailed in his Federal Employers Liability Act (FELA) action against Defendant, Plaintiff alleged five grounds in a Motion for New Trial, attaching as exhibits affidavits of five jurors, a court officer and Plaintiff's trial counsel. Defendant responded with contradictory affidavits from four jurors. By entry of a Memorandum and Order, the Trial Court denied four of the grounds for new trial asserted by Plaintiff, and reserved final ruling on the issue of quotient verdict pending testimony by the jurors to resolve the contradictory statements in the affidavits filed by the parties. A hearing was held during which the

1

Trial Court questioned, and then heard examination by counsel for the parties of, all twelve jurors. After Plaintiff voiced allegations of improper communication between jurors at this first hearing, Plaintiff's counsel and a paralegal for Plaintiff's counsel testified at a second hearing. The Trial Court subsequently entered a second Memorandum and Order denying Plaintiff's Motion for New Trial in its entirety. The issue in this appeal is whether the Trial Court erred in the application of evidence gathered in the post-trial proceedings, with peripheral assertions of error concerning the conduct of the trial. We affirm the Trial Court's denial of the Motion for New Trial, as all issues raised by Plaintiff were properly, and articulately, resolved by the Trial Court.

## BACKGROUND

Plaintiff was an employee of Defendant, and filed a Complaint with the Trial Court June 30, 1995, alleging negligence under FELA involving a workplace accident that occurred October 13, 1992. Defendant filed its Answer July 20, 1995, denying any negligence relating to the accident at issue. After an order of dismissal, which was subsequently set aside, several continuances, a substitution of counsel for Defendant, and the filing by Plaintiff of an Amended Complaint which added allegations of breach by Defendant of OSHA standards relating to the accident at issue, trial was set for May 19, 1998. A number of pretrial motions were filed, including Plaintiff's motions in limine to instruct counsel for Defendant to refrain from vouching for witnesses, allegedly based upon the prior experience of Plaintiff's counsel with Defendant's counsel, and to restrain discussion of assumption of the risk as an improper defense under FELA. The day before trial, Plaintiff filed an agreed order amending the amended complaint to increase the compensatory damages demand from $500,000.00 to $750,000.00.

After seven days of trial, the jury returned a verdict in favor of Plaintiff for $25,300.00, allocating fault between Plaintiff and Defendant at sixty-five percent and thirty-five percent, respectively, for a total judgment of $8,855.00 after reduction by percentage of fault. Plaintiff filed a Motion for New Trial June 30, 1998, asserting as grounds: (1) quotient verdict, (2) error by the Trial Court in admitting testimony of Plaintiff's own negligence relating to the incident at issue, (3) error by the Trial Court in excluding testimony alleging Defendant's intention to terminate Plaintiff at some future time, (4) improper closing argument by counsel for Defendant in

2

vouching for the credibility of witnesses, and (5) that the amount of damages awarded by the jury was against the weight of the evidence. In support of the allegation of quotient verdict, Plaintiff filed the affidavits of five jurors, the affidavit of a court officer with notes from the jury room attached as exhibit, and the affidavit of counsel for Plaintiff asserting that two jurors had volunteered allegations of quotient verdict following the trial. On July 9, 1998, Defendant responded with affidavits of four jurors denying that the method used to render their decision constituted the requisite elements of a quotient verdict. On July 17, 1998, Plaintiff filed supplemental affidavits of two of his juror affiants with statements more specifically setting forth the elements of quotient verdict.

In an eight-page Memorandum and Order filed July 21, 1998, the Trial Court addressed the grounds for new trial raised by Plaintiff, declaring each to be insufficient to justify a new trial. However, as to the issue of quotient verdict, the Trial Court cited this Court as setting forth personal testimony of the jurors as the preferable method to resolve the issue, rather than basing judgment solely upon the contradictory affidavits previously filed. In that regard, a hearing was held August 21, 1998 during which all twelve jurors were questioned by the Trial Court, and then examined by counsel for the parties. Plaintiff then filed a memorandum with the Trial Court arguing, in addition to citation of law supporting the propriety of an order for new trial upon a finding of quotient verdict, an allegation that certain members of the jury intimidated other members of the jury during deliberations, asserting that in view of the combination of the allegation of intimidation with the allegation of quotient verdict, "[e]quity demands that the plaintiff receive a new trial."

The Trial Court disagreed, and in a second Memorandum and Order filed October 2, 1998, resolved the issue by denying Plaintiff's Motion for New Trial, stating, in relevant part:

> The testimony from the jurors was unusual in the sense that there was no agreement among them upon what occurred during their deliberations in the jury room. Four of the jurors testified that the verdict was reach [sic] by totaling the separate estimates of each juror and dividing by twelve and that this was accomplished by agreement in advance. Five of the jurors testified that no calculations whatsoever took place, and three of the jurors testified that while calculations took place, there was no agreement in advance to be bound by the result. Given the nature of that testimony, therefore, the Court is unable to find that the plaintiff has sustained his burden of proving that the verdict was reached in this case through the use of a quotient verdict.

3

These two Orders form the principal basis for this appeal.

## DISCUSSION

The only issue on appeal is whether the Trial Court erred in denying Plaintiff's Motion for New Trial. Plaintiff's appeal focuses upon an allegation that the Trial Court acted improperly in determining whether the jury entered a quotient verdict, with peripheral allegations of "additional cumulative error" regarding improper closing argument by counsel for Defendant, and improper argument concerning "assumption of the risk" concerning Plaintiff's own actions in the incident at issue. In addition to the other affidavits and attached exhibits, prior to entering the first Memorandum and Opinion the Trial Court examined the affidavits of the jurors under the quotient or gambling verdict exception to Tenn. R. Evidence Rule 606(b).[1] In addressing the issue of quotient verdict the Trial Court cited, *inter alia*, the opinion of this Court in *Smith v. Gann*, No. 01A01-9209-CV-00357, 1993 WL 21988 (Tenn. Ct. App. 1993). In the Trial Court's first Memorandum and Order on Plaintiff's Motion for New Trial, *Smith* is quoted as standing for the proposition that, when the issue of quotient verdict is raised on a motion for new trial, and contradictory juror affidavits are submitted by the parties, hearing personal testimony from the jurors would be the preferred procedural practice.

> Although the Court of Appeals found no impropriety in resolving the dispute on the affidavits, it did state that "where affidavits are contradictory, it is better practice to resolve the contradictions by personal testimony and cross-examination." In that case the Court of Appeals also held that the "movants had the burden of proving jury misconduct by a preponderance of the evidence." The trial court's finding of no impropriety was affirmed by the Court of Appeals. Here, the dispute is much closer, and in this context a more just determination can only result from a hearing with examination and cross-examination of the jurors. Counsel are requested to obtain a date for such a hearing.

---

[1] Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotion as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, except that a juror may testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether the jurors agreed in advance to be bound by a quotient or gambling verdict without further discussion; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes. Tenn. R. Evidence Rule 606(b), Competency of Juror as Witness.

The issue regarding admission of Plaintiff's own conduct in the incident at issue is declared by the Trial Court to have been "dealt with by the Court prior to the trial, and no reason has been advanced to cause reconsideration . . .," presumably referencing the Trial Court's ruling on Plaintiff's Motion in Limine on the issue. The issue of improper argument by counsel for Defendant is discussed, and found to have had no prejudicial effect on the jury's deliberations:

> [T]he Court does believe that counsel for the railroad did vouch for the witness in question, but in the context of forty-five minutes of argument by each side, the Court believes the error to have been harmless. Although counsel for Plaintiff couched his argument on this issue in terms of granting a new trial as a penalty for the conduct, this Court is aware of no authority that would permit a grant of a new trial as a penalty.

Taking the three parts of the issue on appeal in the order they were discussed by the Trial Court in its first Memorandum and Order, we affirm the Trial Court's finding on Plaintiff's allegation of quotient verdict. As cited by the Trial Court and acknowledged by Plaintiff in this appeal, the burden of proof lies with the party asserting a quotient verdict to prove by a preponderance of the evidence the elements of a quotient verdict. "A verdict arrived at by averaging various figures is not, in and of itself, illegal. It is only when there is an antecedent agreement, express or implied, to abide by the results that a quotient verdict will be vitiated." *Odom v. Gray*, 508 S.W.2d 526, 532 (Tenn. 1974). Thus, before any computation, there must be an antecedent agreement to submit the resulting figure as the verdict.

> If there is such an antecedent agreement, the verdict rendered thereon is a quotient or gambling verdict and is vitiated thereby. Our courts do not approve of such verdicts and trial judges usually caution the juries against using such a method. But if there is no antecedent agreement, express or implied, to abide by the result, the fact that the jury subsequently agreed upon a quotient verdict will not vitiate the verdict.

*Mayor and Aldermen of Town of Morristown v. Inman*, 342 S.W.2d 71, 76 (Tenn. Ct. App. 1960).

Here, the Trial Court not only included in its instructions to the jury an appropriate admonishment against rendering a quotient verdict, but also determined by a preponderance of the evidence that there was no antecedent agreement among the jurors. The specific findings of the Trial Court resulting from the two hearings on the issue are stated in the second Memorandum and Order:

> The testimony from the jurors was unusual in the sense that there was no agreement among them upon what occurred during their deliberations in the jury room. Four of the jurors testified that the

5

verdict was reach [sic] by totaling the separate estimates of each juror and dividing by twelve and that this was accomplished by an agreement in advance. Five of the jurors testified that no calculations whatsoever took place, and three of the jurors testified that while calculations took place, there was no agreement in advance to be bound by the result. Given the nature of that testimony, therefore, the Court is unable to find that the plaintiff has sustained his burden of proving that the verdict was reached in this case through the use of a quotient verdict.

Plaintiff argues that the Trial Court erred "[b]y failing to judge the credibility of the jurors when they testified about whether a quotient verdict was rendered in this case, thereby allowing that quotient verdict to stand." This argument is supported, in part, by Plaintiff's contention that the Trial Court used the tally of the synopsis of the jurors' testimony to resolve the issue. It is true that the Trial Court did not state specific findings regarding the credibility of individual jurors in rendering the opinion, but neither is it true that there is any indication the Trial Court used only a show of hands by the jurors to render the decision. The language used by the Trial Court states analysis of "the nature" of the testimony at both hearings on the issue, and does not support any contention that the finding of the Trial Court was not based upon a preponderance of the evidence adduced.

In further support of the assertion of error by the Trial Court in failing to assess credibility of the jurors on the issue of quotient verdict, Plaintiff argues that one juror in particular was "very vocal and intimidating during the time the jury was out for deliberations." This issue is proper neither as a ground for a new trial, nor on appeal of the denial of same.

As all experienced trial lawyers and judges know, verdicts are not always representative of the views of all jurors; they frequently reflect the well-held views of only one or two forceful jurors, and when this happens, the non-assertive jurors will sometimes come forward later and complain that the verdict did not represent their views. Such stultification cannot be allowed, for obvious reasons, even when it appears in hindsight that the verdict was unjust. The developed law does not permit afterthoughts by jurors.

*Terry v. Plateau Elec. Co-op.*, 825 S.W.2d 418, 423 (Tenn. Ct. App. 1991).

As addressed by the Trial Court, there was some testimony that supported the Plaintiff's position on the existence of a quotient verdict. However, quotient verdict requires the condition precedent that all jurors must agree to be bound by the outcome or the process is merely a part of the jury's deliberations, even when the result is eventually submitted as the verdict of the jury.

6

> When two or three of the jurors refused to vote for or voted against the proposal to abide by the decision of the majority, such a proposal never became an antecedent agreement and would not vitiate verdicts properly reached subsequently thereto by the jury. No antecedent agreement having ever been made, those jurors who refused to vote, as well as those who voted against the original proposal, could thereafter properly change their minds and agree with the conclusion properly reached by the majority, and return valid verdicts accordingly.

*Olins v. Schocket*, 215 S.W.2d 18, 26 (Tenn. Ct. App. 1948).

Here, there was contradictory testimony on both sides of the issue of whether there was an antecedent agreement to be bound, the jurors were examined under oath by the Trial Court and counsel for the parties, the other evidence presented was considered, and judgment rendered. After examination of the record on appeal, we find no error in the decision of the Trial Court on the issue of quotient verdict.

Plaintiff argues that the Trial Court erred in allowing argument by counsel for Defendant concerning assumption of the risk. Plaintiff frames this issue in the closing arguments by counsel for the parties, where counsel for Defendant stated, "[l]adies and gentlemen, to go through known oil is 100 percent cold negligence. If you find that he did that, he can have no recovery." This argument by counsel for Defendant concerns allocation of negligence, which is not the same as assumption of the risk.[2] Plaintiff is correct that assumption of the risk as a complete bar to an action is not a defense under FELA, but evidence of the employee's own negligence is still admissible under the Act. "FELA was crafted to eliminate a number of traditional defenses to tort liability and to facilitate recovery in meritorious cases. The 1939 amendments abolished assumption of the risk, and an employee's contributory negligence may reduce damages but will not bar recovery." *Denton v. Southern Ry. Co.*, 854 S.W.2d 885, 888 (Tenn. Ct. App. 1993). Under FELA, "contributory negligence" refers to a pure comparative negligence doctrine where Plaintiff's recovery is reduced proportionately by whatever percentage of fault is allocated between Plaintiff and Defendant, unlike Tennessee's modified comparative fault system which requires the fault of the Plaintiff to be less than 50% of the allocated fault.[3] The evidence set forth by Plaintiff as improper

---

[2] See generally, *Perez v. McConkey*, 872 S.W.2d 897, 900 (Tenn. 1994)(defining and discussing assumption of the risk in the context of comparative negligence under Tennessee tort law).

[3] *McIntyre v. Balentine*, 833 S.W.2d 52, 54 (Tenn. 1992).

argument of assumption of the risk by counsel for Defendant is not persuasive, as the jury was properly instructed on allocation of fault, and it is obvious that recovery was not barred under assumption of the risk since the jury returned a verdict in favor of Plaintiff. It appears that the evidence at trial of Plaintiff's own negligence was used by the jury in allocating fault between Defendant and Plaintiff. Such negligence is a proper basis for reducing Plaintiff's recovery under FELA. *Id.* After examination of the record on appeal, we find no error in the decision of the Trial Court on the issue of admission of evidence of Plaintiff's own negligence, nor apparent harm from the argument of counsel for Defendant on this point.

The issue of improper argument by counsel for Defendant is raised as an additional ground by Plaintiff, asserting that counsel for Defendant vouched for the credibility of one or more witnesses during closing argument. The issue was raised by Plaintiff in a Motion in Limine, citing prior experience with opposing counsel as grounds. As noted above, while the Trial Court did find that counsel for Defendant vouched for the credibility of one witness, the Circuit Court Judge determined that no harmful effect resulted. "It is a recognized rule in this state that the trial court, in its sound discretion, shall determine what is proper argument in a particular case and the appellate courts will not review the action of the trial court except for palpable abuse of that discretion." *Painter v. Toyo Kogyo of Japan*, 682 S.W.2d 944, 951 (Tenn. Ct. App. 1984). Additionally, the instructions to the jury included appropriate admonishment regarding argument by counsel for the parties. It is interesting to note that the same law firms representing the parties in this appeal argued the issue of vouching for witnesses to this Court in *Gentry v. Norfolk Southern Railway Co.*, No. 03A01-9610-CV-00341, 1997 WL 406377 (Tenn. Ct. App. 1997)(perm. app. denied). In *Gentry*, this Court found, as it finds here, that any error resulting from such conduct by counsel for Defendant was corrected by the Trial Court's instructions to the jury. After examination of the record on appeal, we find no error in the decision of the Trial Court on the issue of vouching for witnesses by counsel for Defendant during closing argument, nor palpable abuse of discretion in the determination of the Trial Court relating to the finding of no apparent harm resulting from the argument of counsel for Defendant on this point.

### CONCLUSION

8

The judgment of the Trial Court is affirmed.  Costs of this appeal are taxed to Appellant.

_____
D. MICHAEL SWINEY, J.

CONCUR:

_____
HERSCHEL P. FRANKS, P.J.

_____
CHARLES D. SUSANO, JR.,  J.