## CIRCUIT COURT OF FAIRFAX COUNTY

David R. Straus

v.

David B. McDonald

March 4, 2005

Case No. (Law) 222439

BY JUDGE R. TERRENCE NEY

This matter came before the Court on November 19, 2004, pursuant to the Motion to Strike of Defendant David B. McDonald, M.D. (Although titled a "Motion to Strike," the Defendant's plea is in all respects, save its caption, a Demurrer.)

After hearing oral argument on the issue of whether Plaintiff may recover damages for diminished life expectancy, the Court took the matter under advisement.

*Facts*

On January 3, 2002, Plaintiff David R. Straus filed a medical malpractice action against Defendant David B. McDonald, M.D., alleging that Defendant negligently failed to diagnose prostate cancer causing Straus to suffer severe and permanent physical injuries and damages, including but not limited to, the spread of his cancer, an increased risk for recurrence and/or metastasis of cancer, increased medical, nursing, and pharmaceutical care, pain, fear, mental anguish, depression, diminished life expectancy, and diminished enjoyment of life.

McDonald filed a Motion to Strike a portion of Straus's claim on the ground that Virginia law does not recognize diminished life expectancy as an

element of damages which may be recovered in a personal injury medical malpractice lawsuit.

In a prior suit, Judge Stanley P. Klein of this Court overruled McDonald's Motion to Strike. Judge Klein, however, declined to decide whether a claim for alleged diminished life expectancy is a compensable damage. The prior case was nonsuited on November 5, 2003. Straus re-filed his nonsuited case and, in his Motion for Judgment, sets forth the same allegations as those lodged in the nonsuited case, including his claim for diminished life expectancy.

## Analysis

The parties agree that diminished life expectancy is not a cause of action under Virginia law. Accordingly, the issue is whether Straus may recover, as a separable item of damage, diminished life expectancy in this non-wrongful death medical malpractice action.

### A. Loss of Substantial Possibility of Survival in Wrongful Death Cases in Virginia

Interestingly, both parties rely on the Supreme Court of Virginia's opinion in *Blondel v. Hays*, 241 Va. 467, 403 S.E.2d 340 (1991). Reading the same words of the same opinion, each finds it dispositive of the issue presented here, yet dispositive in a totally opposite way.

Defendant relies on *Blondel* in asserting that the concept of diminished life expectancy is used by Virginia courts *only* as a decisional standard that a trial court must employ in determining whether a plaintiff's evidence in a wrongful death case proves that defendant's negligence was a proximate cause of the decedent's death. Plaintiff, to the contrary, argues that under *Blondel*, evidence of diminished life expectancy due to increased risk of cancer is an issue that should be presented to the jury.

In *Blondel*, the Supreme Court held that, in medical malpractice wrongful death cases, a physician's destruction of any substantial possibility of the patient's survival is a proximate cause of the patient's death. *Id.*

*Blondel*, however, indicates that the "substantial possibility of survival" standard, as used by trial courts in ruling on motions to strike after the plaintiff's evidence has been presented, is not necessarily a guide to whether a plaintiff, upon proper evidence, may recover damages for destruction of a substantial possibility of survival. The Court noted that it had reversed several trial courts for striking plaintiffs' evidence against defendant physicians where

the physicians have asserted that there was no evidence, in effect, that the plaintiff would not have died anyway. *Blondel v. Hays*, 241 Va. 467, 473, 403 S.E.2d 340, 344 (1991), citing *Whitfield v. Whittaker Mem. Hosp.*, 210 Va. 176, 169 S.E.2d 563 (1969); *Brown v. Koulizakis*, 229 Va. 524, 331 S.E.2d 440 (1985); and *Hadeed v. Medic-24, Ltd.*, 237 Va. 277, 377 S.E.2d 589 (1989). In those cases, "the physicians had argued in the trial court, in substance, that there was no evidence that the patients would have recovered, or that death could have been averted, regardless of any negligence on the physician's part and, that there was, accordingly, no evidence of proximate cause." *Blondel v. Hays*, 241 Va. 467, 473, 403 S.E.2d 340, 344 (1991).

Thus, "substantial possibility of survival" was treated as a decisional standard for the guidance of trial courts in deciding whether to strike the evidence. *Blondel v. Hays*, 241 Va. 467, 473-74, 403 S.E.2d 340, 344 (1991). "If a plaintiff's evidence has shown that the defendant's negligence has destroyed any substantial possibility of the patient's survival, then there is sufficient evidence of proximate cause to go to the jury, and a motion to strike the evidence on that ground should be overruled." *Blondel*, 241 Va. at 473-74, 403 S.E.2d at 344.

Yet, while saying that, the Court went on to state that "the 'substantial possibility of survival' standard, while furnishing the criterion for deciding a motion to strike, was not necessarily designed for the guidance of a jury." *Blondel*, 241 Va. at 474, 403 S.E.2d at 344. The plaintiff was not entitled to instructions directing the jury to determine whether defendant's negligence destroyed any substantial possibility that the plaintiff would have survived. *Id.*, 241 Va. at 475, 403 S.E.2d at 344.

The problem in looking to *Blondel* for guidance is two-fold. First, *Blondel* is a wrongful death case, which is not the case here. Second, *Blondel* does not address the issue presented here, namely, whether Straus may seek damages for diminished life expectancy in a *non-wrongful death* case. Rather, the "substantial possibility of survival" standard is applied by trial courts, *after* plaintiff's evidence has been heard, *only* to determine whether the plaintiff was able to present sufficient evidence to make a prima facie case that the defendant's negligence was a proximate cause of the plaintiff's *death*. *Blondel* does not state that a patient should not be able to recover for the mental anguish and depression that follow from the knowledge that one's life expectancy has been diminished – when one is still alive – due to a doctor's negligence.

In *Dolwick v. Leech*, a medical malpractice wrongful death case, the Eastern District Court of Virginia faced the issue of whether to strike those portions of a complaint alleging deprivation of a "substantial possibility of

survival." 800 F. Supp. 321, 327 (E.D. Va. 1992). The court granted the defendants' motion to strike on the grounds that no separate cause of action or independent element of damage existed for substantial possibility of survival. *Id.* Neither the Court nor the Magistrate Judge[1] fully explained the basis for the decision, other than stating the general principle from *Blondel* that the "substantial possibility of survival" standard was not designed for the guidance of a jury. Yet such a result is not surprising, given that the case, as *Blondel,* was a wrongful death case.

In short, regardless of *Dolwick* or *Blondel,* relied upon by McDonald, the Virginia Supreme Court has yet to expressly state whether evidence of diminished life expectancy is admissible as a separate element of damages in a medical malpractice case where there has been no death.

### B. Using Evidence of Diminished Life Expectancy to Prove Mental Anguish, Depression, Emotional Disturbance in Non-wrongful Death Cases

Various circuit courts in Virginia have addressed this issue. *Burr v. Fivozinsky,* Law No. 48304 (Prince William 1999) (dismissing plaintiff's claim for a loss of substantial chance of survival on the grounds that it is not a cause of action recognized by Virginia law); *Berrent v. DuRocher,* Law No. 193116 (Fairfax 2002) (sustaining defendant's demurrer with respect to plaintiff's claims for a substantially reduced life expectancy and loss of a chance of survival); *Bouscaren v. Borges,* Law No. 200210 (Fairfax 2002) (striking plaintiff's claim for a substantial reduction in his life expectancy because it is not a recoverable measure of damage); *Lutes v. Potomac Hospital Corp. of Prince William,* Law No. 52724 (Prince William 2002) (striking all portions of the Motion for Judgment referring to a shortened lifespan because it does not state either a cause of action nor a recoverable element of damage, nor could plaintiff recover for the mental anguish based upon an alleged shortening of projected lifespan); *Colley v. McKenzie,* Law No. 56638 (Prince William 2003) (striking plaintiff's claim to recover damages for a compromise in plaintiff's life expectancy because it is not a cause of action, not a recoverable measure of damages, and plaintiff cannot recover for any mental anguish based upon mental anguish). With one exception, the results have

---

[1] The opinion of Magistrate Judge William T. Prince was adopted by the District Court.

been uniform. Evidence of damages is not admissible. The exception is *Kennedy v. Wheeler*, 45 Va. Cir. 216 (Richmond 1998).

In *Kennedy*, the plaintiff brought a personal injury action against her doctor, alleging that he failed to discover and treat her cancer. 45 Va. Cir. 216 (Richmond 1998). The plaintiff sought to introduce evidence that her chances of recurrence rose to 80% as a result of the delay in treatment. *Id.* Plaintiff specifically included in her proffer of evidence:

> "Mental anguish" − i.e., because of the greater likelihood of a recurrence, plaintiff has a heightened concern for her future.

*Id.* at 216-17.

Defendant moved to exclude any evidence of loss of chance of survival arguing that "loss of chance of survival" is not a separate cause of action. *Id.* at 216. The trial court overruled Defendant's motion and held that, although "loss of chance" is not a separate cause of action, such evidence would be admissible in order to show damages. *Id.* at 217.

The Court finds *Kennedy* persuasive. Where a person's negligence diminishes another's life expectancy, it cannot be controverted that mental anguish, depression, and similar injuries plainly result. If McDonald's motion to strike all references of diminished life expectancy is granted, Straus may be denied significant damages in his action. The Court finds that diminished life expectancy is an essential part of any medical malpractice claim for a failure to diagnose terminal cancer. The gravamen of such a complaint is that the doctor's failure to diagnose terminal cancer will cause the patient to die earlier than if the cancer had been properly diagnosed. This assumes, of course, that expert testimony will be offered to this effect. If Straus is not permitted to proceed with diminished life expectancy as a basis for his damages, he will be left with at least a part of his claim eviscerated.

In *Norfolk & Western Ry. v. Ayers*, 538 U.S. 135, 155 L. Ed. 2d 261, 123 S. Ct. 1210 (2003), the United States Supreme Court held that mental anguish damages resulting from the fear of developing cancer may be recovered under the FELA by a railroad worker suffering from the actionable injury asbestosis caused by work-related exposure to asbestos. Similarly, here, Straus' fear of dying earlier than he would have, had McDonald properly diagnosed his cancer, has allegedly caused him mental anguish and depression. Straus should be able to recover mental anguish damages based on diminished life expectancy caused by McDonald's negligence, just as the railroad worker was entitled to mental anguish from the fear of developing cancer after he was exposed to asbestos in *Norfolk & Western Ry. v. Ayers*.

The Supreme Court noted that multiple courts had held that a fear of recurrence of cancer is compensable. See, *e.g., Hoerner v. Anco Insulations, Inc.*, 2000-2333, p. 49 (La. App. 1/23/02), 812 So. 2d 45, 77 (fear of cancer testimony "appropriately presented in order to prove [asbestosis claimant's] general damage claim"); *Beeman v. Manville Corp. Asbestos Disease Compensation Fund*, 496 N.W.2d 247, 252-53 (Iowa 1993) (cancer evidence held admissible to show reasonableness of asbestosis claimant's fear of cancer); *Denton v. Southern Ry.*, 854 S.W.2d 885, 888-89 (Tenn. App. 1993) (FELA decision holding erroneous "Trial Court's exclusion of evidence about [asbestosis claimant's] fear of cancer"); *Celotex Corp. v. Wilson*, 607 A.2d 1223, 1229-30 (Del. 1992) (sustaining jury charge allowing damages for asbestosis claimants' fear of cancer); *Coffman v. Keene Corp.*, 257 N.J. Super. 279, 293-94, 608 A.2d 416, 424-25 (1992) (sustaining award of damages that included compensation for asbestosis claimant's fear of cancer); *Fibreboard Corp. v. Pool*, 813 S.W.2d 658, 666, 675-76 (Tex. App. 1991) (sustaining jury charge allowing fear of cancer damages for plaintiff with "confirmed asbestosis"); *Sorenson v. Raymark Industries, Inc.*, 51 Wash. App. 954, 958, 756 P.2d 740, 742 (1988) (evidence of increased risk of cancer held "admissible to establish, as a damage factor, the reasonableness of [an asbestosis claimant's] *fear* that he would contract cancer"); *Eagle-Picher Industries, Inc. v. Cox*, 481 So. 2d 517, 529 (Fla. App. 1985) (asbestosis claimants may recover for fear of cancer); *Devlin v. Johns-Manville Corp.*, 202 N.J. Super. 556, 563, 495 A.2d 495, 499 (1985) (asbestosis claimants, who suffered "substantial bodily harm" from asbestos, may recover for fear of cancer). *Norfolk & Western Ry. v. Ayers*, 538 U.S. 135, 151, 155 L. Ed. 2d 261, 123 S. Ct. 1210 (2003). A fear of the certainty of an earlier death than otherwise expected should be so as well.

### Conclusion

No Virginia case law explicitly governs whether Straus may recover damages for diminished life expectancy in a non-wrongful death case. The Court finds that damages for diminished life expectancy, where the patient is able to prove that his or her worsened condition and probability of an earlier death are the results of a doctor's negligence, is a proper item of recovery.

For these forgoing reasons, the Motion to Strike of Defendant David B. McDonald, M.D., is denied.